### CARTER v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANY—DAMAGES—MENTAL ANGUISH.—A telegram, "Will bring mother on ten o'clock train, have conveyance ready," with allegations that telegram was sent for the purpose of having preparations made for the funeral, show that it might naturally and reasonably have been expected that a failure to deliver the message would cause the body to remain at depot until conveyance could be procured.

2. IF NONSUIT be moved in action based on negligence and wilfulness upon the whole case, and there be evidence tending to support negligence, motion should be refused.

3. IF NONSUIT be properly refused, the reasons assigned therefor are immaterial.

4. APPEAL from order refusing new trial will not be considered unless grounds of motion be set out in record.

5. REHEARING refused.

Before DANTZLER, J., Florence, December, 1904. Affirmed.

Action by John Carter against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Ferrons* and *Willcox & Willcox,* for appellant. The latter cite: *Allegation of no preparation will not give foundation for damages for mental anguish:* 71 S. C., 29; 70 S. C., 243; 39 Fed. R., 181. *New trial should have been granted:* 69 S. C., 536.

*Mr. W. F. Clayton,* contra (oral argument).

The opinion in this case was filed February 14, 1906, but remittitur held up on petition for rehearing until

March 7. The opinion of the Court was delivered by

MR. JUSTICE GARY. The exceptions assign error on the part of his Honor, the Circuit Judge, in overruling the demurrer to the complaint, and in refusing the motions for a nonsuit and new trial. The complaint contains the following allegations:

"That on the 19th day of September, 1902, between the hours of 7 and 8 in the morning, the plaintiff delivered to the defendant's agent at Lynchburg, S. C., in regard to the death of plaintiff's mother, the following message:

" 'Lynchburg, S. C., Sept. 16, 1902.

" 'To Millard Carter, Effingham, S. C. Will bring mother on ten o'clock train, have conveyance ready. John Carter.'

"That the said message was not received in Effingham until after the plaintiff arrived with the dead body of his mother, and that no preparations for the funeral had been made in consequence of the non-arrival of the message. That upon the arrival of plaintiff, which was coextensive with the arrival of the train from Florence to Charleston, and if on time should have arrived at Effingham about half-past 10, plaintiff inquired of the telegraph agent at Effingham if he had received said telegram; he replied that he

had not, but would make inquiries in regard to it, which he did by telegraphing to Charleston, S. C., when he received from Charleston said telegram as sent from Lynchburg by plaintiff, and this he received some time between 10 and 11 o'clock A. M., after the train upon which plaintiff brought the corpse of his mother had departed from Effingham.

"That the defendant at Lynchburg, at the time above mentioned, received said message, and promised promptly to transmit the same, and received therefor the usual charge in advance.

"That although the address of the said Millard Carter was well known to defendant, and was within their regular delivery limits of Effingham, the said defendant wilfully, mantonly and grossly negligently withheld said message from him in the city of Charleston, S. C., one of their offices, and failed to deliver said message until after the arrival of the train with plaintiff and the corpse of his mother, which was somewhere between 10 and 11 o'clock A. M., and no preparations had been made, as was intended by sending said message.

"That by reason of defendant's wanton, wilful and grossly negligent failure to deliver to Millard Carter said message. as aforesaid, no preparations were made for the funeral, and the corpse of plaintiff's mother was compelled to remain upon the depot platform for several hours, until conveyance could be procured, to the great mental anguish and suffering of the plaintiff, and to the damage of plaintiff five hundred dollars."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action for the following reasons:

"I. In that on the face of the complaint it appears that the defendant did not wilfully, wantonly and grossly negligently withhold said message in the city of Charleston, S. C., and did not wilfully, wantonly and grossly negligently fail to deliver said message.

"II. In that on the face of the complaint it does not appear that any of the consequences set up in the complaint, such as the resting of the corpse of plaintiff's mother upon the depot platform at Effingham, S. C., were proximately caused by any delay in the delivery of the telegram.

"III. In that it appears on the face of the complaint that plaintiff was not in any sense damaged by any act of the defendant, or in consequence of any act of defendant.

"IV. In that it appears on the face of the complaint that plaintiff could not have had any mental anguish or suffering that could be measured by damages, or cognizable under the law, as a result of any act of the defendant alleged in the complaint as a proximate cause.

"V. In that it does not appear on the face of the complaint that the message was withheld, or its delivery delayed negligently, wantonly, wilfully, or grossly negligently."

The complaint in effect alleges that the plaintiff sent a telegram in regard to the death of his mother, from Lynchburg to Millard Carter at Effingham, notifying him that he would bring his mother on the 10 o'clock train and to have conveyance ready; that the telegram was sent for the purpose of having preparations made for the funeral; that the defendant wilfully, wantonly and negligently withheld and failed to deliver the message, in consequence of which no preparations had been made and no conveyance was ready. The corpse of his mother was compelled to remain upon the platform of the depot several hours, to the great mental anguish and suffering of the plaintiff. The face of the telegram and the allegations of the complaint show that such results might naturally and reasonably have been expected from the failure to deliver the message. The demurrer was, therefore, properly overruled.

The defendant made a motion for nonsuit on the grounds that there was no testimony tending to sustain the allegations of wilfulness and wantonness, or mere negligence. The defendant did not make a motion for nonsuit upon the cause of action based upon wilful-

28—73

ness and wantonness, or upon the cause of action founded upon mere negligence, but upon the whole case. The failure to deliver the message, under the circumstances of the case, afforded some evidence of an unreasonable delay. The nonsuit could not properly have been granted on the ground that there was no evidence of negligence.

In the case of *Machen* v. *Tel. Co.,* 72 S. C., 256, 260, the rule as to nonsuits is thus stated: "The cases are numerous to the point, that where the complaint alleges damages as the result of negligence, and as the result of wilful misconduct, a nonsuit cannot be granted as to the whole case, if there be any testimony tending to show damages as the result of either negligence or wilfulness. * * * In all the cases cited above, the motion for nonsuit was directed to the *whole* case, and the point decided was that nonsuit was improper, if there be any evidence tending to support a verdict for damages either for negligence or wilful misconduct." Under this authority we are constrained to rule that the motion for nonsuit was properly refused.

The defendant also appealed from the order of nonsuit on the ground that the reasons assigned by the presiding Judge were erroneous. We have shown that it would have been error of law to have granted the nonsuit; and, as the motion was properly refused, the reasons assigned are immaterial.

The defendant likewise appealed from the order refusing a new trial, but the exceptions cannot be considered, as the grounds upon which the motion was made are not set out in the record.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

March 7, 1906. PER CURIAM. After careful consideration of the petition herein, the Court is satisfied that no material question, either of law or fact, has been disregarded or overlooked.

It is, therefore, ordered, that the petition be dismissed and the order heretofore granted staying the remittitur be revoked.