7220

## LAUGHLIN v. SOUTHERN PUBLIC SERVICE CORPORATION.

1. PRINCIPAL AND AGENT.—RECEIPTED BILLS for lights, made out on bill heads printed with the name of one corporation as the agent of another, and so receipted, is admissible along with other facts to show that the second corporation had notice that the first held out itself as its agent and as a link in establishing ratification of the acts of the first corporation by the second.

2. ELECTRIC COMPANY—WILFULNESS.—Evidence tending to show an electric company maintained on the limb of a tree, without an insulator, a wire whose covering was in shreds, whose condition was frequently reported to it, but no steps were taken to remedy the defect, although notified by the municipal authorities to remove the wires from the trees, tends to show a reckless disregard for the rights of the public.

Before Dantzler, J., Florence, ———.    Affirmed.

Two actions: (1) Maud Laughlin and George Laughlin against Southern Public Service Corporation and Florence Light and Power Company; and (2) Lawrence Edward Laughlin, by guardian, against same defendants. From judgment for plaintiff, defendants appeal.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *J. P. McNeill,* for appellants.    No citations.

*Messrs. Shipp & Baker, Willcox & Willcox* and *Henry E. Davis,* contra.    *Messrs. Baker* and *Davis* cite: *Receipts as evidence:* 77 S. C., 190; 73 S. C., 214, 58; *Wilfulness:* 69 S. C., 305.

June 16, 1909.    The opinion of the Court was delivered by

Mr. Justice Gary.    On the 19th of August, 1907, the plaintiffs, Maud Laughlin and her son, Lawrence E. Laughlin, were both burned by coming in contact with an electric wire which had fallen from a pole near the intersection of two streets in the city of Florence. The wires were those through which ran the electric current which furnished light to the city. Subsequently these actions were brought by Mrs. Laughlin and her husband in the one case, and Lawrence E. Laughlin, by his guardian *ad litem,* in the other case, against the Southern Public Service Corporation and Florence Light and Power Company, to recover damages for the injuries so sustained.

The allegations in each, which are material to the points involved in this appeal, are as follows: "That at the times hereinafter mentioned the defendants owned and operated, in the city of Florence, County of Florence, and State of South Carolina, an electric plant, and were engaged in the business of furnishing and supplying electric lights and an

electric power to the city of Florence, and to divers persons residing in said city, and the plaintiffs allege, on information and belief, that the defendant, Florence Light and Power Company, owned the said electric plant at said times and was operating and maintaining the same for the use and benefit of its codefendant, the Southern Public Service Corporation, as its agent and under its control."

The allegations of negligence are against the defendants, jointly.

The answers of the defendants were general denials.

By consent the actions were consolidated and tried together, resulting in a verdict for the mother in the sum of seventeen thousand dollars, and for the son in the sum of eight thousand dollars.

The defendant appealed upon exceptions, the first of which is as follows: "Because the presiding Judge erred in admitting in evidence, against the objection of the defendant's attorneys, upon the examination of the witness, George W. Laughlin, the receipt for electric light bill, one and 80-100 dollars ($1.80), dated August 15, 1907; the error assigned being that receipt was irrelevant upon the issue as to whether the Florence Light and Power Company owned the electric plant and was operating it for the benefit of its codefendant. the Southern Public Service Corporation."

The record shows that the plaintiffs introduced in evidence seven receipted bills, headed: "To Florence Light and Power Company, Agent for the Southern Public Service Corporation, Dr.," and signed: "Received payment. Florence Light and Power Company, Agent, by ———." These receipted bills bore date 1st April, 1907; 1st August, 1907; 15th August, 1907; 2d November, 1907; 2d December, 1907; 2d January, 1908, and 28th January, 1908. Even conceding that the said testimony was not competent on the question of agency, it was, nevertheless, admissible for the purpose of showing that the Southern Public Service Cor-

poration acquiesced in the statements contained in the receipts and held itself out to the world as the principal, when considered in connection with the testimony to the effect that the two companies used the same office and had the same officers and employees. The only reasonable inference to be drawn from these facts is that the Southern Public Service Corporation had notice of the fact that it was being held out to the world as the principal. The testimony was, therefore, competent as a link in establishing ratification of the act of its ostensible agent.

Another reason why this exception can not be sustained is that similar testimony was introduced without objection

The second exception is disposed of by what was said in considering the first.

The third exception assigns error in refusing the motion for a nonsuit, but it must also be overruled, as we have already ruled that there was competent evidence tending to establish the allegations of the complaint as to ownership.

The fifth exception is as follows: "Because the presiding Judge erred in refusing to charge the jury as requested by the defendants (as per the second request), as follows: 'The jury is instructed that there is no evidence in these cases showing wantonness, wilfulness or recklessness, and they can not, therefore, find verdicts for punitive damages;' the error assigned is, that there being no evidence of any more than ordinary negligence the question of punitive damages should have been, by granting this request, withdrawn from the jury."

There is testimony to the effect that this wire fell in a thoroughfare of the city of Florence; that the wire at the time of the accident was old and the insulation broken and hanging in ribbons; that the wire was permitted to lie across the limb for a long time; that it is dangerous for a live wire to be permitted to remain in contact with the limb; that the condition of this wire was frequently reported to those in charge of the company, but they took no step to remedy it;

that W. L. Black, the superintendent of the plant, was notified on the Saturday before the accident of the condition of this wire, but he "did not regard it serious," and consequently did not attend to it; that it was the duty of the company to make these repairs; that two weeks before this accident the officers of the company had been commanded by the chairman of the Street Committee to take all wires out of the trees; and that in stringing the wire it should have been put on an insulator where it passed through a tree.

There was contradictory testimony on the part of the defendants, but such fact is not to be considered by this Court in determining whether there was any testimony tending to show that the plaintiffs were entitled to punitive damages.

The testimony to which we have made reference certainly tended to show a reckless disregard of the rights of the public, and this exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.