### 7952

### OWEN v. WESTERN UNION TEL. CO.

1. CONTINUANCE.—Refusal of continuance for absence of witnesses is within the discretion of trial Judge and no abuse is shown here.
2. TELEGRAPH COS.—Unreasonable delay in delivering a telegram raises a presumption of negligence.
3. IBID.—The motion in this case having been made to direct a verdict generally and the trial Court so having understood it, its refusal is sustained, as there was evidence of negligence.
4. IBID.—PUNITIVE DAMAGES are not always defeated by uncontradicted proof of effort to deliver a message, but time and the degree of diligence used should be considered in passing on the issue.
5. IBID.—The Judge cannot instruct the jury that delivery of a telegram to a butler is a good delivery without invading the province of the jury.

Before MEMMINGER, J., Hampton, Fall term, 1910. Affirmed.

Action by Katie L. Owen and A. E. Owen against the Western Union Telegraph Company. Defendant appeals on the following exceptions:

I. "Because his Honor erred, after hearing affidavit of E. F. Warren, in forcing defendant to trial in the absence of its witnesses, because:

"(a) The testimony of said witnesses was material, as appears by said affidavit.

"(b) Because due diligence had been exercised in endeavoring to secure the attendance of said witnesses, as appears by said affidavit.

"(c) Because it was an abuse of his discretion, this being the first term at which the case was called for trial, in not continuing the case, if plaintiff's attorneys refused to admit what the absent witnesses would testify to, as set out in said affidavit.

II. "Because his Honor erred in refusing defendant's motion to direct a verdict for the defendant. The error being:

"(a) That the proof showed no negligence, but due diligence on the part of the defendant.

"(b) That if any negligence was shown it does not appear that such negligence was the cause of any damage to the plaintiff.

"(c) There was no testimony that the plaintiff could and would have taken an earlier train if the telegram had been delivered without any delay, or that the addressee would have communicated the message to the plaintiff earlier than he did, nor is there any proof that the plaintiff knew or thought that the message should have been delivered in time for her to have taken an earlier train.

III. "Because his Honor erred in refusing defendant's motion for nonsuit or direction of a verdict as to the cause

of action for punitive damage. The error being that the evidence does not warrant finding a verdict for punitive damages.

IV. "Because his Honor erred in refusing defendant's second request to charge, and in modifying same. The request being:

" '2d. That where there is undisputed evidence of efforts to deliver a telegram punitive damages cannot be awarded plaintiff;' and the modification being:

" 'Now, it seems to me that this must be qualified, that if there was wilful, wanton or reckless conduct on the part of the company in the transmission of the telegram, or in the receipt of the telegram, so that notwithstanding any effort that they might make to deliver the telegram after it was received, as if a mistake in the address had been put on it, to say that by going to work and trying to deliver the message, and using reasonable efforts to deliver it, when, as a matter of fact, their own conduct was wilful, wanton and reckless in putting the wrong address on the telegram and making delivery of it impossible, then it seems to me that efforts on their part to deliver the telegram after it was received, after it was received at the point of destination, that wrong address which was caused by their wilful, wanton and reckless conduct in the receipt or transmission of the telegram, it could not be said that would take away the element of damage * * *'

"The error being:

"(a) That said request stated a correct proposition of law applicable to the facts of the case.

"(b) That the error in the address was not of such a character as to indicate wilful, wanton or reckless conduct, and efforts to correct the error were shown.

"(c) That said modification was a charge on the facts, in that it in effect stated if the mistake in the address had been put on the message, that would indicate wilful, wanton or reckless conduct.

"(d) That a mere mistake in the address of a telegram is not sufficient to warrant punitive damages.

V. "Because his Honor erred in refusing to charge defendant's first request to charge, as follows:

" '1st. Delivery of the message in question to the butler at the house in which Mr. Eugene Owen was living is a good delivery.'

"The error being: That said request stated a correct proposition of law applicable to the facts of the case.

VI. "Because his Honor erred in charging as follows:

" 'Now, here is another proposition called to my attention, the telegragh company asks me to charge you (reads request by defendant). Now, I charge you, gentlemen of the jury, that that is a question of fact for you to determine. In one of the cases here cited, the question arose upon the delivery to the partner of a man in business. It was a telegram delivered to the man's business partner, but it was a matter pertaining to his social and personal affairs, and his partner neglected to give it to him. It was held in that case that the delivery to the partner was not sufficient; that the company should have delivered it to the party himself, it being a matter pertaining to his social or personal relations.

" 'I charge you that the delivery to a man's residence— that seems to me to be a question of fact for the jury to say whether or not they were guilty of negligence in delivering it to some one else than to himself. Now, the circumstances might be such that would show that the delivery at a man's residence to some responsible person was a sufficient compliance with due diligence and care on the part of the company, and would show an absence of negligence. As, for instance, if a man was sitting in his house and the telegraph messenger walked up and delivered it to his wife right in his presence, it would appear that that could not be an act of negligence in not handing it to him, or if he was busy, and it was handed to some one in his presence, or some one appearing in the house, if he was asleep or some one acting appar-

13—89

ently for him with authority and the telegraph boy delivered it to that person, it would be a question for the jury in that case to say whether or not that showed diligence, the exercise of due care on the part of the telegraph company in delivering the telegram. They are held under the statute for the receipt, transmission and delivery of the telegram, and are compelled to exercise due care. In other words, they must not be guilty of negligence. Negligence means the failure to exercise due care under all of the facts and circumstances in the case. I would say on that proposition, that it is for you to say whether or not, if the telegram was delivered to some person in the addressee's residence, whether or not under all of the facts and circumstances in the case, that constituted negligence on the part of the telegraph company, failure to exercise due care.'

"The error being:

"(a) That delivery to the butler at the residence where Eugene Owen was living, was a good delivery.

"(b) That the charge and modification of the request was erroneous and unwarranted, because the testimony of plaintiff showed even if there was negligence in such delivery to the butler that no damage resulted therefrom, as the telegram was at once handed to the addressee.

"(c) That in the absence of testimony showing any peculiar circumstances, delivery to the servant who opens the door of the residence or boarding house where the addressee lives, is a good delivery."

*Messrs. Warren & Warren,* for appellants on Circuit. *Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys,* for appellants in this Court, cite: *Issue of punitive damages should not have been sent to jury:* 83 S. C. 22, 87; 84 S. C. 483. *Delivery:* 13 S. W. 986; 31 S. W. 318; 30 S. W. 70; 15 L. R. A. 129; 59 L. R. A. 477; 98 Ala. 566; 76 S. C. 306.

*Messrs. W. P. Tillinghast* and *W. H. Townsend,* contra, cite: *Evidence of nonresident should be taken de bene esse:*

82 S. C. 237. *Refusal to direct a verdict generally was proper:* 87 S. C. 177; 84 S. C. 159; 82 S. C. 247; 84 S. C. 483.

July 7, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiffs, through the wrongful acts of the defendant, in failing to deliver a telegram, within a reasonable time.

The allegations of the complaint, material to the questions involved, are as follows:

That on the 15th of May, 1908, the plaintiff's daughter, Daisy, became suddenly ill, at Yemassee, their home. That the plaintiff, Katie L. Owen, was at that time, on a visit to relatives in Savannah, Georgia. That about 8:30 a. m. the plaintiff delivered to the defendant for transmission, the following message:

"Yemassee, S. C., May 15, 1908.

To Eugene Owen, No. 603 39th Street, West, Savannah, Ga.: Tell mother to come home this evening. Daisy not well."

That about two o'clock p. m. on that day, the defendant's agent at Yemassee, called on the plaintiff, A. E. Owen, and informed him, that the message had not been delivered, as there was no such number and street in the city of Savannah; but, upon inquiry it was discovered, that the defendant had negligently, recklessly and wilfully changed part of the address, by substituting the word "East" for the word "West," so that it then read: "No. 603, 39th street, East, Savannah, Ga."

That although the daughter was very ill, the telegram was mildly worded, for fear of shocking her mother, but that the agent at Yemassee was informed of her serious illness. That if the message had been delivered promptly, the plaintiff Katie L. Owen could have reached the bedside of her daughter, at a much earlier hour than she did.

The defendant denied the allegations of negligence, recklessness, and wilfulness.

The jury rendered a verdict in favor of the plaintiffs for five hundred dollars, and the defendant appealed upon exceptions which will be reported.

*First Exception:* This exception assigns error, on the part of his Honor the presiding Judge, in refusing the defendant's motion for a continuance. Such motions are addressed to the discretion of the presiding Judge, and his ruling is not subject to appeal, unless there has been an abuse of discretion, which has not been made to appear in this case.

*Second Exception:* This exception raises the question, whether there was error, in refusing the defendant's motion to direct a verdict, on the ground that there was no testimony tending to show negligence, on the part of the defendant. The appellant's attorneys have not argued this exception; but waiving such objection, it cannot be sustained, as the testimony tends to show that the delay was unreasonable.

*Third Exception:* This exception assigns error in refusing to direct a verdict, as to the cause of action for punitive damages.

At the close of all the testimony, one of the defendants' attorneys, in making the motion for the direction of a verdict, stated that it was made on the following grounds:

"We have no further testimony to offer, and for the purpose of putting myself straight on the record, I move that the Court direct a verdict in this case, and my ground is: * * * that here is evidence of diligence, on the part of the company—uncontradicted evidence. * * * Now, the circumstances point clearly to the fact, that the company made an effort to deliver, and that they made a failure, and that there was a mistake, and they immediately took it up and

straightened up things.   We submit, that if there was evidence of an effort to deliver, there could not be any wilfulness or wantonness, on the part of the defendant company, that being uncontradicted, and taking the circumstances and the facts, it strikes me, that it only becomes a question of law, for the Court to determine, and not a question for the jury.   For that reason, we ask the Court to direct a verdict for the defendant."

In ruling upon the motion, his Honor the presiding Judge said:

"Well, it appears to me, that the case will have to go to the jury.   The law is that unreasonable delay in delivering the telegram, raises a presumption of negligence.   Now, as to whether or not that unreasonable delay was not only negligence, but caused by wilfulness and wantonness, the burden of proving which, is up to the plaintiff, is a question for the jury in this particular case."

The motion was for the direction of a verdict generally, and his Honor the Circuit Judge so understood it.

In the case of *Machen* v. *Tel. Co.*, 72 S. C. 256, 51 S. E. 697, the rule as to nonsuits is thus stated:

"The cases are numerous to the point, that where the complaint alleges damages, as the result of negligence, and as the result of wilful misconduct, a nonsuit cannot be granted, as to the whole case, if there be any testimony tending to show damages, as the result of either negligence or wilfulness. * * * In all the cases cited above, the motion for nonsuit was directed to the whole case, and the point decided was that nonsuit was improper, if there be any evidence tending to support a verdict for damages, either for negligence or wilful misconduct."

This language is quoted with approval in the case of *Carter* v. *Tel. Co.*, 73 S. C. 430, 53 S. E. 539.   Under these authorities we are constrained to rule, that the motion for nonsuit was properly refused.

*Fourth Exception:* This assignment of error, is based upon the proposition, that punitive damages are not recoverable, if there is undisputed evidence of an effort to deliver a telegram.

It is only necessary to say, that time and the degree of diligence used, in the efforts to deliver the message, must be taken into consideration, in determining this question. It would therefore have been error for the Circuit Judge to have charged the request, without modification.

*Fifth Exception:* This exception raises the question, whether the presiding Judge erred in refusing to charge, that the delivery of the message to the butler, at the house in which the addressee of the telegram was residing, was a good delivery.

This exception must be overruled for the reason, that the presiding Judge could not have charged as requested, without invading the province of the jury.

*Sixth Exception:* This exception presents practically the same question as is raised by the fifth exception, and, is therefore overruled.

Judgment affirmed.