8236

McCOWN v. MULDROW.

1. Evidence—Appeal.—An objection to evidence will not be sustained where similar evidence has been admitted without objection.

2. Ibid.—Automobiles.—Evidence as to how fast an automobile started from one point could hardly have influenced the jury in giving a verdict against defendant for negligent running at another point.

3. Ibid.—Ibid.—Whether defendant had been charged before the city council with running his automobile faster than allowed by the city ordinance is not relevant in a suit for injury alleged to have been caused by driving faster than allowed by the city ordinance.

4. Ibid.—Ibid.—What a defendant charged with running an auto at a reckless rate of speed would have done is irrelevant in a suit for injury caused thereby.

5. Ibid.—Opinion.—It is not competent for a witness who saw an accident happen to give his opinion as to the cause of it after stating the facts and circumstances. Rules governing the admission of expert evidence stated.

6. Res Judicata.—A motion for nonsuit may be made at any time during the trial of a case, and if granted on the ground that there is no evidence to sustain the material allegations of the complaint is not on the merits and will not support a plea of *res judicata.*

7. Ibid.—A motion to direct a verdict should be made at the close of all the evidence and a judgment thereon is conclusive of all the issues in the cause.

8. Verdict.—Where a complaint alleges negligence and wilfulness and there is evidence to support either a motion to direct a verdict on the whole case should be refused.

9. Automobiles—Negligence.—Driving an auto at a greater rate of speed than allowed by a city ordinance is negligence *per se.*

10. Contributory negligence is no defense to a wilful or reckless tort.

11. Charge—Wilfulness—Contributory Negligence.—A request to the effect that plaintiff cannot recover unless he prove by the preponderance of the evidence that his injury was caused by the acts of negligence alleged as the proximate cause, is not made prejudicial by modification to the effect that contributory negligence is no defense to acts of wilfulness.

12. Ibid.—Automobiles—Streets.—A request as to the duty of one driving an auto on a street between crossings and of a pedestrian in going into the street at such place, *held* to be on the facts as it stated some of the facts in the case in detail.

13. Ibid.—Contributory Negligence—Streets.—Modifying a request as to the duty of a pedestrian stepping into the street to look out for vehicles by adding that a man so doing must use his senses and the conduct of plaintiff must be measured by the standard of a man of ordinary prudence, and if he so acted he would not be guilty of contributory negligence, is not error.

14. Wantonness—Issues.—There being evidence tending to support the allegations of wantonness, it was for the jury to say if the allegation was proved.

15. Appeal.—An assignment of error not sustained by the record will not be considered.

16. Verdict.—The evidence considered as a whole justifies the verdict.
17. Rehearing refused.

Before Sease, J., Florence, November term, 1910.
Affirmed.

Action by James McCown against Charles W. Muldrow. Defendant appeals on the following exceptions:

I. "His Honor erred in allowing the witness, James Baskins, to give his opinion, over the objection of the defendant, concerning the speed of defendant's car at the time of the accident; the error being: (a) That defendant's car was not, at the time of the accident, under the immediate observation of witness; (b) That the facts within the knowledge of witness were not sufficient to furnish an adequate basis for such opinion.

II. "His Honor erred in admitting, over defendant's objection, and in refusing to strike out upon motion of defendant, the testimony of the witness, John Hollis, that he would judge from the way defendant started off that his automobile was running at a speed of not less than eighteen or twenty miles an hour at the time of the accident; the error being: (a) That witness did not observe the speed of the automobile at the time of the accident, and based his opinion wholly upon the manner in which it started off; (b) That witness did not have adequate facilities for observation as to the speed of the automobile at the time of the accident; (c) That witness should only have been allowed to testify as to facts within his observation, and should not have been allowed to state the conclusions or inferences which he drew from such facts.

III. "His Honor erred in refusing to grant the motion made by defendant upon cross-examination of the witness, John Hollis, to strike out the testimony given by witness as to speed at which defendant was running his automobile when the accident occurred; the error being: (a) That

witness, by his own admission, did not have sufficient knowledge of the speed of automobiles on which to base his opinion; (b) That his Honor's ruling disregards the rule of law governing the admission of opinion evidence, which requires that witness should state facts upon which he bases his opinion, and must be shown to have had adequate facilities for observation.

IV. "His Honor erred in refusing to allow the defendant to ask the witness, W. H. Malloy, upon cross-examination, whether he had any report of defendant's having violated the city ordinances on the day of the accident; the error being: (a) That the city ordinances were introduced. in evidence for the purpose of showing that defendant was driving his automobile at an unlawful rate of speed at the time of the accident; and the fact that a charge of violation of the city ordinances in this respect had or had not been made against defendant on the day in question would be some evidence to show whether he was guilty of such violation; (b) The circumstances in this case were such as properly to lead to the inference that a charge of violating the city ordinances in respect to exceeding the speed limit would have been made against defendant had such violation actually existed.

V. "His Honor erred in refusing to allow in evidence the following testimony of the witness, J. W. Ragsdale: 'In my opinion, based on the experience I have had as an automobile driver, and observing other cars driven, it was a physical impossibility for me or Mr. Beard or anybody else in my car to have had any accurate idea of the rate of speed that a car would make going in our direction.' It is respectfully submitted that this testimony was competent and relevant,. and that his Honor's ruling was erroneous, in that: (a) It was competent for witness to express his opinion as to the possibility for anyone in his car to have had an accurate idea of the speed of the approaching car, said witness having previously stated the facts upon which said opinion was based;

(b) Witness had qualified as an expert; and it was competent for him to give his opinion whether an occupant of his automobile could accurately judge the speed of an approaching car, as the facts, upon which such opinion was based, were within his personal knowledge; (c) Said testimony was relevant for the purpose of impeaching the testimony of the witness, Joe Beard, by showing that he did not have adequate facilities for observation of the speed of defendant's car at the time of the accident.

VI. "His Honor erred in refusing to allow the defendant to answer the following question: 'Would you or not have run at a high, reckless or dangerous rate of speed with those young ladies on your car?' It is respectfully submitted that his Honor's ruling was in error, in that: (a) Wilfulness and wantonness of defendant is one of the material issues in this case; and it was competent for defendant to testify whether or not he consciously and intentionally ran his automobile at such reckless and dangerous rate of speed that accidents would be likely to result; (b) The operation of the automobile at a high, reckless and dangerous rate of speed would endanger its occupants; and it was competent for defendant to state whether or not he would have acted with reckless disregard of their safety.

VII. "His Honor erred in refusing to allow the witness, Leslie McLaurin, to answer the following question: 'From your own knowledge of the conditions that existed there, what was the cause of that accident?' the error being: (a) That it was competent for witness to express his opinion, as he was present when the accident occurred, and the facts relating to the accident were under his immediate observation; (b) That witness had stated sufficient facts upon which to base his opinion as to the cause of the accident.

VIII. "His Honor erred in refusing to allow the witness, Leslie McLaurin, to answer the question asked him upon direct examination whether it would have been possible, with ordinary care on the part of an automobile driver going

ten miles an hour, to have stopped his car or have avoided the accident at the time Mr. McCown stepped in front of defendant's car, the error being: (a) That it was competent for witness to give his opinion as an expert in answer to said question, as the facts, upon which the question was based, were within his personal knowledge; (b) That said question was relevant for the purpose of showing whether or not defendant could have avoided the accident by the exercise of reasonable care and skill.

IX. "His Honor, the presiding Judge, erred in refusing to grant the motion made by defendant at the close of plaintiff's testimony, that a verdict should be directed in his favor, whereas it is respectfully submitted that his Honor should have granted the said motion upon the grounds and for the reasons stated therein, to wit: 'That the testimony shows that the plaintiff, James McCown, according to his own testimony, stepped off the sidewalk and stepped immediately in front of a moving car without making any effort to ascertain if there were any vehicles or any animals of of any kind approaching in his direction; and that, according to his own statement, he made no effort to ascertain that he was stepping into a place of danger, and that if he had used ordinary care and looked, he would have seen the danger and would not have stepped in front of the car; and that by his failure to use due care and caution he contributed to the accident by his own carelessness.

X. "His Honor erred in charging the first request submitted by the plaintiff, to wit: 'The violation of a city ordinance is negligence as a matter of law.'

"It is respectfully submitted that this instruction is in error, in that: (a) It disregards the rule of law that the violation of the ordinance must result in injuries to another, in order to constitute negligence as a matter of law on the part of the person guilty of such violation; (b) There must be a casual relation between the violation of the ordinance and the injury to render defendant liable, and such violation

must be the proximate cause of the injury, and in this respect it must appear that compliance with the ordinance would have prevented injury; (c) This instruction was calculated to create the impression upon the jury that if defendant violated a city ordinance, such violation would be conclusive of his negligence towards the plaintiff, whether or not the accident would have been avoided by compliance with the ordinance.

XI. "His Honor erred in not charging the second request submitted by defendant without modification; the said request being as follows: 'The plaintiff seeks a recovery upon the grounds that his injuries were caused by the careless and reckless acts of defendant in operating and driving his automobile on a public thoroughfare. The defendant denies that his negligence caused the injuries complained of. I instruct you that in order to make out his case, the plaintiff must prove by a preponderance of the evidence that the defendant was guilty of negligence in the manner charged in this complaint, and that his injuries were the direct and proximate result of such negligence on the part of defendant. The plaintiff must show that the defendant did not exercise such care and prudence in operating and driving his automobile as an ordinary careful and skillful driver would use under similar circumstances. If, in your judgment, he has failed to prove this by a fair preponderance of the evidence, he cannot recover.' It is respectfully submitted that: (a) Said request is a correct statement of the law applicable in this case, and his Honor erred in qualifying said request by saying, 'I charge you that, gentlemen, with this modification: If the conduct of the defendant was that of wilfulness and wantonness, the plea of contributory negligence is no defense;' (b) No reference was made in this request to the defense of contributory negligence, and it was, therefore, improper and prejudicial to the defendant for his Honor to declare that the plea of contributory negligence was no defense if the

conduct of the defendant was that of wilfulness and wantonness; (c) Said remarks were calculated to convey the impression that defendant was relying wholly upon the defense of contributory negligence; (d) The modification made by his Honor was calculated to confuse the jury as to the principles of law embodied in this request and to convey the impression that the defendant was guilty of wilfulness and wantonness.

XII. "His Honor erred in not charging the third request submitted by defendant without modification; the said request being as follows: 'The defendant, Chas. W. Muldrow, was not bound to exercise the same care and attention to guard against collision with pedestrians stepping from the sidewalk into the street as would be required at a regular crossing. Crossings are provided for the convenience and safety of pedestrians in crossing the street, and at corners and crossings an automobile should be slowed down and in such control as to be able to be immediately stopped if necessary, but defendant had the right to assume and to act upon the assumption that no person would step from the sidewalk into a public thoroughfare in a place where there was no crossing and where horses, vehicles and automobiles were constantly passing, without first looking about and taking reasonable precautions to observe whether there was any danger of receiving injury from approaching vehicles, horses or automobiles. If, under these circumstances, the defendant exercised reasonable care in driving his automobile, he was not guilty of negligence.' It is respectfully submitted: (a) That the said request is a correct statement of the law applicable to this case, and that his Honor erred in adding to this charge the modification: 'But I, also, charge you that in considering the conduct of the plaintiff as to whether he was observing due care and prudence is to ask yourself whether the man of ordinary care and prudence would have acted as the plaintiff did under all the circumstances surrounding him. If he acted as a man

of ordinary prudence and care would have acted under all the circumstances, did what that kind of a man would have done, then he is not guilty of contributory negligence;' (b) This request merely sets forth the duties and rights of the automobile driver and instructs the jury concerning the amount of care and prudence which he should exercise; and his Honor's modification of the request by stating the principles of law which should govern the conduct of plaintiff was, therefore, improper and calculated to confuse the jury as to the principles of law embodied in the request; (c) The remarks of his Honor were prejudicial to the defendant, as they were calculated to convey the impression to the jury that defendant was relying wholly upon the defense of contributory negligence; (d) Said remarks are a plain intimation of his Honor's opinion that plaintiff was not guilty of contributory negligence.

XIII. "His Honor erred in not charging defendant's sixth request without qualification, the said request being as follows: 'You are instructed that a person who steps into a public street is bound to remember that horses, vehicles and automobiles have also a right of way there, and he must give due attention thereto.' It is respectfully submitted that this request is a correct statement of law, and that his Honor erred in charging in connection therewith as follows: 'I, also, charge you that a man must use his senses in any transaction, and in considering the conduct of the plaintiff in this transaction you ask yourselves the question whether a man of ordinary prudence and care under all the circumstances would have acted as the plaintiff acted. If he did, then he would not be guilty of contributory negligence,' the error being: (a) A person stepping from the sidewalk into a public street is negligent, as a matter of law, if he does not give attention to the fact that there is danger of approaching horses, vehicles and automobiles; (b) That plaintiff's own testimony shows that he did not act as a

reasonable and prudent person would ordinarily have acted under those circumstances.

XIV. "His Honor erred in not charging the defendant's 5th, 8th, 9th, 10th and 11th requests, submitted by defendant without modification, and in charging that these requests leave out of the consideration of the case the question whether or not the defendant was wilful or wanton in the acts and conduct complained of; it being respectfully submitted that there was no evidence of wilfulness or wantonness on the part of defendant to be considered by the jury.

XV. "His Honor erred in refusing to charge defendant's fourth request, to wit: 'The fact that one was driving an automobile at a rate of speed greater than that prescribed by statute or municipal ordinance, is not conclusive of negligence on his part, but is evidence thereof to be considered by the jury; and the Court instructs you that even if you should believe from the evidence that the defendant was running his automobile at a speed in excess of the statutory limit of fifteen miles per hour when the accident occurred, that fact does not of itself show negligence on the part of the defendant. The question before you is solely this: whether the accident could have been avoided by reasonable care and prudence on the part of the defendant. If it could not in any case have been avoided by the exercise of such reasonable care and prudence on the part of defendant, then it is immaterial to this case whether or not the defendant was running his car at a high rate of speed.'

XVI. "His Honor erred in refusing to grant the defendant's motion for a new trial, upon the first ground of said motion and for the reasons stated therein, to wit: 'Because the verdict was so clearly against the evidence as to indicate that the jury misapprehended the facts or the principles of law governing the case, or that they were influenced by passion, prejudice or other improper motive.'

XVII. "His Honor erred in refusing to grant defendant's motion for a new trial, upon the second ground of said motion and for the reasons stated therein, to wit: 'Because the evidence clearly shows that the accident could not have been avoided by the exercise of reasonable care and prudence on the part of the defendant; in that the uncontradicted testimony of several witnesses is to the effect that the plaintiff stepped from the sidewalk into the street when the automobile was less than ten feet distant, and that it was then impossible for defendant to have stopped his automobile or to have guarded against collision with the plaintiff.'

XVIII. "His Honor erred in refusing to grant the defendant's motion for a new trial, upon the third ground of said motion and for the reasons stated therein, to wit: 'Because there was no evidence of such wantonness, wilfulness or recklessness on the part of the defendant as would deprive him of the right to rely upon his defense of contributory negligence; and the overwhelming weight of the evidence shows that the plaintiff was guilty of contributory negligence in bringing about the accident, in that he stepped into a public thoroughfare without looking or listening or taking any other precaution to guard against the danger of approaching horses, vehicles or automobiles.'

XIX. "His Honor erred in refusing to grant the defendant's motion for a new trial, upon the fourth ground of said motion and for the reasons stated therein, to wit: 'Because the plaintiff, by his own admission, did not exercise ordinary care and prudence in stepping from the sidewalk into the street; and his carelessness and negligence was a proximate cause of his injury.'

XX. "His Honor erred in refusing to grant the defendant's motion for a new trial, upon the fifth ground of said motion and for the reasons stated therein, to wit: 'Because the evidence shows that the plaintiff was guilty of such utter want of caution and prudence as amounted to recklessness

and a complete disregard of the care which he owed to himself.'

XII. "It is respectfully submitted that his Honor committed abuse of discretion in refusing to grant the defendant's motion for a new trial, upon the sixth ground of said motion and for the reasons stated therein, to wit: 'Because the verdict for punitive damages is so excessive as to show on its face that the jury were influenced by passion, whim or prejudice.' "

*Messrs. J. W. Ragsdale* and *R. E. Whiting,* for appellant, cite: *Contributory negligence is a complete defense to a cause of action for negligence:* 67 S. C. 78; 61 S. C. 556; 6 C. C. A. 443; 72 S. C. 392; 77 S. C. 344; 81 S. C. 111; 86 S. C. 106. *Duty of pedestrian crossing a street:* 18 Ency. 579, 585; 19 Am. N. R. 258; 28 Cyc. 28; 65 At. 778; 77 N. Y. Supp. 276; 25 S. E. 484; 18 Ency. 56; 52 At. 1090; 72 S. C. 392; 5 Mun. Corp. Cas. 280, 284; 7 L. R. A. 678; 50 Am. R. 295; 73 N. E. R. 1019. *Were the acts of defendant so wilful or reckless as to deprive him of pleading plaintiff's contributory negligence?* 13 How. 37; 29 Cyc. 509; 91 U. S. 489; 60 S. C. 24; Cool. on Torts 811; 7 L. R. A. 678; 16 L. R. A. 674; 13 Ga. 68; 49 L. R. A. 684; 74 S. W. 1015; 95 U. S. 697; 114 U. S. 615; 11 L. R. A. 674; 8 L. R. A. 783; 1 Sher. & Red. Neg. 99; 2 Quarterly Law Review 507. *Violation of an ordinance is not sufficient to establish wilfulness:* 55 Am. D. 674; 7 Ency. 436; 29 Cyc. 508; Wat. Per. Inj., sec. 261; 43 Am. D. 249; 46 Am. D. 694; 124 N. Y. 519; 42 C. C. A. 20; 95 U. S. 697; 84 S. C. 568; 49 L. R. A. 684; 27 So. 1006; 65 Ill. 638; 36 N. E. 32; 59 C. C. A. 1; 67 Am. St. R. 328; 10 Am. & Eng. R. R. Cas. 715; 3 L. R. A. 196; 5 L. R. A. (N. S.) 230. *Speed of auto was not proximate cause of injury:* 87 S. C. 324; 108 Ill. App. 305; 62 Md. 504; 50 Pac. 605; 75 N. W. 629; 27 So. 993; 75 S. W. 4; 18 Am. & Eng. R. R. Cas. 161; 10 Id. 715;

95 U. S. 627. *Violating an ordinance requiring an act done is not actionable unless the absence of the required act caused the damage:* 124 N. Y. 519; 57 Ill. R. 309; 29 Cyc. 439; 5 L. R. A. (N. S.) 209; 50 Pac. 605; 20 Am. St. R. 571; 117 Mich. 273; 27 So. 993; 85 Mo. 533; 24 S. W. 57; 18 Ohio C. C. 298; 49 Am. D. 239; Coll. on Torts 752; 21 Ency. 457; 83 S. C. 354; 87 S. C. 324; 21 Ency. 481. *A correct request should not be modified:* 11 Ency. P. & P. 246, 251; 38 Cyc. 1723. *Opinion evidence should be barred on facts stated:* 1 McM. 57; 32 S. C. 129; 19 S. C. 66; 32 S. C. 129; 59 S. C. 311; 63 S. C. 512; 19 Am. Neg. R. 336; 31 Am. R. 321; 7 Am. Neg. R. 642. *Doubtful evidence should not be corroborated by opinion evidence:* 58 N. E. 607; 19 Am. Neg. R. 336. *Failure of ordinary result to follow is some evidence the act was not done:* 1 Wig. on Ev. 158; 67 S. C. 359. *Witness may give opinion if he knows the facts on which it is based:* 2 Wig. on Ev. 994; 59 S. C. 318. *Party may testify to his own intent or motive:* 54 S. C. 505; 57 S. C. 280; 1 Wig. 581; 32 S. C. 129.

*Messrs. Walter H. Wells* and *Henry E. Davis,* contra, cite: *Admission of evidence of like import cures error in exclusion:* 72 S. C. 426; 83 S. C. 65. *Relevancy and competency of evidence is for Judge:* 52 S. C. 371; 54 S. C. 335; 60 S. C. 67; 65 S. C. 1; 75 S. C. 201. *Irrelevant evidence must be shown to have been prejudicial:* 75 S. C. 264; 76 S. C. 275; 72 S. C. 250; 82 S. C. 199; 83 S. C. 287; 63 S. C. 339; 69 S. C. 443. *Speed of 20 miles an hour would not endanger life of occupant of auto:* 26 S. C. 49. *Witness should not give his opinion of what caused the accident:* 74 S. C. 235; 74 S. C. 102; Green. Ev., sec. 440; 63 S. C. 572. *Motion for nonsuit is only demurrer to evidence:* 4 McC. 372; 14 Cyc. 7393, 452. *If motion for direction of verdict is made at close of plaintiff's evidence and defendant afterward put up evidence the refusal of*

*direction will not be held error:* 106 U. S. 700; 120 U. S.
527; 129 U. S. 233; 144 U. S. 202; 107 Fed. 156; 10 Rose's
Notes 438. *Where two causes of action are alleged, and
there is evidence supporting one, motion to direct a verdict
generally should be refused:* 72 S. C. 256; 73 S. C. 430.
*Contributory negligence is no defense to wilfulness:* 23 S.
C. 531; 61 S. C. 484; 72 S. C. 97. *Failure to prove this
cause of action could only be raised by motion for nonsuit
or to direct a verdict:* 83 S. C. 203; 87 S. C. 185. *Viola-
tion of city ordinance is negligence per se:* 83 S. C. 358;
84 S. C. 536; 29 Cyc. 436. *Verdict supported by evidence
will not be disturbed on ground of excessiveness:* 89 S. C. 1.

The opinion in this case was filed on March 30, 1912, but
remittitur held up on petition for rehearing until

June 12, 1912. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE GARY. This is an action for dam-
ages, alleged to have been sustained by the plaintiff, through
the negligence and recklessness of the defendant.

The complaint alleges, that on the 13th day of February,
1910, the plaintiff, after nightfall, was proceeding from the
American Hotel into Evans street, in the city of Florence,
S. C., for the purpose of getting into an automobile, that
was in the act of stopping, at a point opposite said hotel,
a few feet distant from the north side of Evans street.
That before plaintiff reached said automobile, he was struck
and run over by an automobile, that was being driven by
the defendant. That the plaintiff was injured. through
the recklessness and negligence of the defendant, in operat-
ing said automobile on a public thoroughfare, at a danger-
ous rate of speed; in failing to have any lights on said
automobile; in failing to give any signal or other warning
of approach of said automobile; in attempting to drive the
said automobile too near the sidewalk, at a time when it

was occupied by pedestrians; in attempting to drive said automobile between the one to which plaintiff was going, and the sidewalk, when there was not sufficient space to allow its passage; in failing to keep a proper lookout, and in failing to observe the plaintiff, in his position of danger, so as to avoid striking him.

The defendant denied the allegations of negligence and recklessness, and set up the defense of contributory negligence.

At the close of the plaintiff's testimony, the defendant made a motion for the direction of a verdict in his favor, which was refused, but neither a motion for a nonsuit, nor for the direction of a verdict, was made at the close of all the testimony.

The jury rendered a verdict in favor of the plaintiff, for one thousand dollars actual damages, and three thousand dollars punitive damages.

The defendant made a motion for a new trial, which was also refused, and he has appealed upon exceptions, which will be reported.

*First Exception:* This exception cannot be sustained, for the reason that similar testimony was introduced without objection. *Machine Co.* v. *Browning,* 72 S. C. 424, 52 S. E. 511; *Laughlin* v. *Pub. Ser. Cor.,* 83 S. C. 62, 64 S. E. 1010.

*Second Exception:* The objection to the testimony, is thus stated in the record: "Objected to, and asked that it be stricken out, as the witness only testified, as to how fast it started off from Lake's corner." In addition to what was said, in disposing of the first exception, it is scarcely reasonable to suppose, that testimony tending to show how fast the automobile started off, from Lake's corner, may have caused the jury to render a verdict in favor of the plaintiff.

*Third Exception:* This exception is disposed of by what has already been said.

*Fourth Exception:* The testimony was irrelevant, and the refusal to allow its introduction, was not prejudicial to the rights of the defendant.

*Fifth Exception:* The following appears in the record: "Plaintiff objects to testimony of witness, as it refers to the testimony of Mr. Beard. Objection sustained. Exception noted. The witness (continuing): It was impossible, in my opinion, for anybody situated as I was, with my car going in that direction, to judge of the speed— Objected to.

"The Court: State the facts and tell whether you could tell—the witness (continuing)." The witness then testified in substantially the same language, as that to which the objection had been interposed, *without further objection.*

*Sixth Exception:* The testimony, as to what the witness would have done, was irrelevant and the exception is overruled.

*Seventh Exception:* The rule is thus stated in *Easler* v. *Ry.,* 59 S. C. 311, 37 S. E. 938: "Without undertaking to review in detail, the different cases in this State upon this subject (expert testimony), we will state the rules that have been followed: *First.* A witness is competent, to give his opinion as an expert, when the facts upon which it is based, are within his own knowledge. *Second.* If the facts upon which his opinion is formed are in issue, his testimony is not admissible, except upon an hypothetical state of facts. *Third.* If the mode in which an injury was inflicted, or the extent thereof, is itself one of the disputed facts in the case, the witness will not be allowed to testify, that in his opinion, the injury was inflicted in a certain manner or to a certain extent."

The Court uses the following language in the case of *Fitzgerald* v. *Mfg. Co.,* 74 S. C. 232, 54 S. E. 373: "It is contended that the testimony was competent, as the opinion of an expert. This Court will not reverse the judgment of the Circuit Court, for excluding expert testimony, unless it

is convinced that the error, if any, was harmful. It is for the trial Court to decide whether the question under inquiry, is one upon which expert opinion is proper, and whether the witness has the necessary qualifications. 2 Elliott Ev., sec. 1036. The trial Court's conclusion on these matters, will not be disturbed except in a case of abuse of discretion, which we do not find in this case. 'Opinion evidence is based on necessity, and is not admissible as a general rule when the facts can be reproduced before the jury, in such a way as to show the condition of things, upon which the opinion of the witness was based.' *Easler* v. *Ry. Co.*, 59 S. C. 311, 315, 39 S. E. 938. It is a cardinal rule, that the evidence must be of such a character, as not to fall within the range of common experience and observation, and, therefore, not to be intelligible to jurors, without the aid of opinion. 12 Ency. Law 458, and cases cited."

*Eighth Exception:* What was said in considering the seventh exception, disposes of this exception.

*Ninth Exception:* The motion was for the direction of a verdict and not for a nonsuit, between which motions, there is a marked difference.

A motion for a nonsuit, may be made at any time during the trial of the case. "The usual time for such motions, is when the plaintiff closes his evidence in chief, but it is not beyond the power of the Judge, charged with the control of the conduct of the cause, to entertain such a motion, even at the close of the whole evidence for both sides, since there is no particular time in the trial of a case, when a motion for nonsuit must be made." *Gandy* v. *Ins. Co.*, 52 S. C. 224, 29 S. E. 655; *McEwen* v. *Mazyck*, 3 Rich. 210.

A motion for a nonsuit, on the ground that there is no testimony, tending to sustain the material allegations of the complaint, does not involve the merits, and the granting of such motion, would not support a plea of *res adjudicata.*

In the case of *Whaley* v. *Stevens,* 24 S. C. 479, the Court said: "The judgment in the former case, was nothing more than a judgment of nonsuit for failure of evidence, to establish one of the material allegations of the complaint; and it certainly cannot be pretended that such a judgment on such a ground, would support a plea of *res adjudicata.*"

But a motion to direct a verdict involves the merits, and a judgment entered upon the verdict rendered by a jury, is *res adjudicata,* as to all questions properly arising under the pleadings. The fact that the verdict was rendered by the jury, under the direction of the presiding Judge, does not impair the efficiency of the judgment entered thereon, to support a plea of *res adjudicata.*

A motion for the direction of a verdict cannot properly be made, until all the testimony on both sides which is to be submitted to the jury, has been introduced.

The rule is thus stated, in the case of *Cincinnati Traction Co.* v. *Durack,* 14 Am. & Eng. Ann. Cases (0) 218: "Where, on the trial of a civil action, the defendant at the close of the plaintiff's evidence, moves for a verdict thereon in his favor, and on excepting to the decision of the Court, overruling such motion, introduces evidence to support his grounds of defense, and rests without renewing the motion, at the close of all the evidence, the exception is deemed to be waived, and it is no longer a predicate for error, in a reviewing Court." (Syllabus.) The opinion is very able and the notes are voluminous and exhaustive.

The Court in that case quotes, with approval, the following language from *Barabasz* v. *Kabat,* 91 Md. 53: "It would certainly produce a failure of justice, if a verdict of a jury, rendered upon the evidence of both parties, and upon instructions at the close of the case, to the granting or refusing of which there was no exception, should be set aside upon an alleged erroneous ruling upon the plaintiff's evidence only; and it would be trifling with the purpose for which Courts are created, to require the review of an error

which, if declared, would not justify a reversal." The Court, also, quotes with approval the following statement of the rule, from the case of *Hopkins* v. *Clark,* 158 N. Y. 299: "It is the contention of appellants that they are entitled to the benefit of the exception, taken to the denial of the motion to dismiss, at the close of the plaintiff's case, as that was not strengthened, but was clearly weakened, by the defendant's evidence. In other words, this Court is to be asked in all cases, to examine the evidence of the defendant, no matter how lengthy it may be, to determine whether defendant, shall have the benefit of an exception, concerning which all doubt would be removed, by his renewing the motion to dismiss, at the close of the whole evidence."

It will thus be seen, that the proposition which we have announced, is sustained both by reason and authority.

There is, however, another reason why this exception can not be sustained. The complaint alleges two causes of action, one based on negligence and the other on recklessness. *Roberts* v. *Tel. Co.,* 73 S. C. 520, 53 S. E. 985. The defendant had the right to move for the direction of a verdict, as to each cause of action. In such cases the rule thus stated, in *Machen* v. *Tel. Co.,* 72 S. C. 256, 51 S. E. 697: "The cases are numerous to the point, that where the complaint alleges damages as the result of negligence, and as the result of wilful misconduct, a nonsuit cannot be granted as to the whole case, if there be any testimony tending to show damages, as the result of either negligence or wilfulness. In all the cases cited above, the motion for nonsuit was directed to the *whole* case, and the point decided was that nonsuit was improper, if there be any evidence tending to support a verdict for damages, either for negligence or wilful misconduct." This language was quoted with approval, in *Carter* v. *Tel. Co.,* 73 S. C. 430, 53 S. E. 539. There was testimony tending to show, that the defendant was driving his automobile, when

the injury was sustained, at a rate of speed, greater than was allowed by the ordinance of the city; and this was evidence *per se,* and not merely *prima facie,* of negligence.

In *Whaley* v. *Ostondoff,* 90 S. C. 281, the Court says: "When evidence of negligence is only *prima facie,* it is subject to rebuttal, but when there is negligence *per se,* it is conclusive of that question. The fact that there is negligence *per se,* does not, however, tend to show that such negligence is actionable. The question whether negligence is actionable, depends upon the further question, whether such evidence was the direct and proximate cause of the injury."

There is still another reason why this exception cannot be sustained. Contributory negligence on the part of the plaintiff, cannot be introduced as a defense, against a cause of action based upon the defendant's reckless misconduct. *La Fitte* v. *Ry.,* 73 S. C. 467, 53 S. E. 55.

If the request had been charged, the defendant would have received the benefit of the defense of contributory negligence, against the cause of action for recklessness.

*Tenth Exception:* What has been said disposes of this exception.

*Eleventh Exception:* The record shows, that the request referred to in the exception was, in fact charged, and that the modification, that contributory negligence would not be a defense, if the defendant was guilty of recklessness, was the statement of an elementary principle of law, and, therefore, the exception has no foundation.

*Twelfth Exception:* It would have been proper for his Honor, the presiding Judge, to refuse, altogether, to charge the request, as it embodied a charge on the facts. *Weaver* v. *Ry.,* 76 S. C. 49, 56 S. E. 657. In that case the Court having under consideration somewhat similar requests, used this language: "The presiding Judge could not have charged the said requests, without intimat-

ing to the jury, the inference to be drawn from the facts, so carefully set out in detail.   The instructions would have been in violation of article V, section 26 of the Constitution, and were, therefore, properly refused."

*Thirteenth Exception:* The presiding Judge charged the request, but also charged other law, applicable to the case; and it has not been made to appear, that the additional charge of a correct principle, at that particular time, was prejudicial error.

*Fourteenth Exception:* The failure to charge the requests mentioned in this exception, is assigned as error, on the ground that there was no testimony, tending to show wilfulness or wantonness, on the part of the defendant.   There was testimony tending to sustain the allegations of the complaint, and it was for the jury to determine whether there was wantonness.

*Fifteenth Exception:* What has already been said disposes of this exception.

*Sixteen Exception:* It has not been made to appear to the Court, that there is anything in the record sustaining this assignment of error.

*Seventh Exception:* The testimony must be considered in its entirety, and when so considered, justifies the verdict.

*Eighteenth, Nineteenth, Twentieth and Twenty-first Exceptions:* What has already been said disposes of these exceptions.

Judgment affirmed.

*Only* Messrs. Justices Woods *and* Hydrick *participated in this opinion and concur.*

Petition for rehearing was dismissed by formal order filed June 12, 1912.