## 10172

### PENN v. ATLANTIC COAST LINE R. CO.

#### (98 S. E. 793.)

1. CARRIERS—PASSENGERS—REFUSAL TO CARRY ON TICKET SOLD—DAM
AGES.—Where the defendant carrier's agent sold a ticket, and the
conductor refused because of the routing of the ticket to carry the
purchaser, and she sued for the resulting damages, testimony *held*
not at all suggestive of the wilful conduct of the conductor, but to
merely suggest negligence of the ticket seller for which plaintiff was
compensated by a verdict for actual damages.

2. CARRIERS—CONTRACT OF TRANSPORTATION—BREACH—ACTION FOR NEG
LIGENCE AND WILFULNESS.—In a passenger's action against a railroad
company for actual and punitive damages, where there is evidence
of negligence in the routing of the ticket but none of the conductor's
wilfulness in refusing to carry the passenger, the Court should so
direct the jury, and a nonsuit on the whole case would be improper.

Before WHALEY, County Judge, Richland, July term.
1918.   Affirmed.

Action by Maggie B. Penn against the Atlantic Coast
Line Railroad Company.   Directed verdict for the plaintiff
for actual damages and for defendant on the question of
punitive damages, and plaintiff appeals.

Exception: It is respectfully submitted that his Honor,
Judge M. S. Whaley, erred in directing a verdict as to puni-
tive damages and directing, on motion of defendant's attor-
ney, a verdict for actual damage in the sum of $2.20, in that:
(a) There was but one cause of action and not separable;
(b) it should have been submitted to the jury under proper
instruction to say whether the action of the ticket agent was
wilful and not mere inadvertence; and (c) whether the
refusal of the conductor to carry plaintiff after her explana-
tion and the circumstances surrounding was wilful and
wanton.

*Mr. N. J. Frederick,* for appellant.

*Messrs. Barron, McKay, Frierson & Moffatt,* for
respondent.

March 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action by passenger against a carrier for actual and for punitive damages.

Direction of a verdict for the plaintiff on so much of the action as was for actual damages, and for the defendant on so much of the action as was for punitive damages.

Appeal by the plaintiff.

Let the one exception be reported.

The circumstances of the case are these: The plaintiff bought at the Union Station in Columbia a ticket from Columbia to Florence. Betwixt these termini there are two routes by the carrier; the one in common from Columbia to Sumter, and from that point the one diverging directly to Florence, and the other diverging Southward via Manning and Lanes' junction, thence northward to Florence. For expedition the plaintiff intended to take the latter route, and she testified thus about the transaction:

"Plaintiff testified that she asked the ticket agent of defendant for a ticket to Florence, S. C., her destination, inquiring at the same time the price of the said ticket by way of Lanes, and being told the price by that route, purchased same, paying full fare as demanded by defendant's ticket agent; that being the only route by which plaintiff could go to Florence that hour of the morning. Plaintiff testified substantially as follows: That she did not read the ticket given her by the agent and was not aware that said ticket was not what she had asked for and paid for until her attention was called to it by the conductor on train between Columbia and Sumter, who told her she would have to wait at Sumter for the evening train. That knowing she had paid the proper fare to be carried to her destination that morning by way of Lanes, she boarded defendant's train at Sumter to go on to Florence. That after having put her baggage down, she went out of the car into the ground and

exhibited her ticket to the conductor of said train. who was standing there.Q. When you told the conductor that you had your ticket and had paid your fare, what did the con-- ductor say to you? A. He said that he did not have any-- thing to do with that; he could not carry me on it, because it was not routed. Q. And did you show the conductor your ticket? A. I did. Q. And he said it was not routed and he could not take you on it? A. Yes, sir."

The carrier was represented by two agents, the conductor and the ticket seller. The testimony does not at all suggest wilful conduct by the conductor; and the most it suggests by the ticket seller is negligence, and for that the plaintiff was compensated by the verdict.

But the appellant contends that the complaint stated but one cause of action and that the Court had no right to split it; and she cites *Griffin v. R. R.,* 65 S. C. 125, 43 S. E. 445.

It is true that if the complaint alleges both negligence and wilfulness, and there be testimony tending to prove the for- mer, then nonsuit is not proper on the whole case. *Machen v. W. U. T. Co.,* 72 S. C. 260, 51 S. E. 697 ; *Carter v. West- ern Union Telegraph Co.,* 73 S. C. 434, 53 S. E. 539. But when there is some evidence of negligence and no evidence of wilfulness, it is the duty of the Court to direct the jury that there is no evidence of wilfulness. Plainly, a party is not entitled to relief for a wrong unless there be testimony· tending to support the allegation of a wrong.

The further contention of the appellant, that the con- ductor was bound to heed the reasonable explanation of the passenger (*Smith v. R. R.,* 88 S. C. 421, 70 S. E. 1057, 34 L. R. A. (N. S.) 708), had no application to the facts of this case.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.