18158

George W. SUBER, Appellant, v. Rachel SMITH and Billy Smith, a minor over the age of fourteen years, by his guardian *ad litem*, Herbert L. Smith, Respondents.

(134 S. E. (2d) 404)

*Messrs. Harley & Parr,* of Newberry, *for Appellant,*

*Messrs. Thomas H. Pope, Robert D. Schumpert* and *Rembert D. Parler,* all of Newberry, *for Respondents,*

January 16, 1964.

Moss, Justice.

George W. Suber, the appellant herein, brought this action for property damage alleged to have been caused by the

actionable negligence and willfulness of Rachel Smith and Billy Smith, the respondents herein. The action stems from an automobile collision which occurred about 10:15 P. M., on September 9, 1962, on Highway 219, in Newberry County, when an automobile owned by Rachel Smith and driven by her minor brother, Billy Smith, collided with the rear of a Ford automobile owned by the appellant and driven, with his permission, by his minor son, Jerry Suber.

It is stipulated that the appellant's action is grounded on specified acts of negligence and recklessness alleged to be the proximate cause of his property damage. The respondents, by their answer, set forth (a) a general denial, (b) that the damage to appellant's automobile was the sole, direct and proximate result of specified acts of negligence and recklessness of the driver of his automobile, and (c) contributory negligence and recklessness of such driver.

The complaint charges that Billy Smith was guilty of carelessness and willfulness in operating an automobile without having same under proper control, in failing to keep a proper lookout, in driving at an excessive rate of speed, in operating an automobile without proper brakes and failing to apply such brakes, and that there was sufficient space on the highway to the left of appellant's car for the said Billy Smith to have safely driven his vehicle around said car to the left but failed so to do. The respondents, by their answer, alleged that the appellant's property damage resulted from the sole, direct and contributory negligence and willfulness of his son, Jerry Suber, in the operation of his said automobile, in failing to keep such under proper control, in failing to keep a proper lookout and illegally parking the said automobile on the traveled portion of said highway, in failing to have proper lights while so parked and in failing to give any warning to the respondents that the said automobile was illegally parked in said highway.

This case came on for trial before the Honorable William L. Rhodes, Jr., presiding Judge, and a jury, at the Decem-

ber, 1962, term of Court. At the conclusion of appellant's testimony, the Trial Judge, upon motion of the respondents, granted a nonsuit holding that the driver of appellant's car was guilty of contributory negligence and that the conduct of Billy Smith could, at most, be characterized as simple negligence. The appellant resisted the motion on the ground that the last clear chance doctrine was applicable to the factual situation here. The Trial Judge held such doctrine inapplicable. This appeal followed.

The first question for determination is whether there was evidence from which the jury could find that it was not practicable for the driver of the appellant's automobile to have stopped it off of the paved or main traveled portion of the highway.

The evidence shows that on the night of September 9, 1962, Jerry Suber, Bryson Slice and Billy Smith were at a service station near the City of Newberry. Shortly after 10:00 o'clock Jerry Suber and Bryson Slice left in the appellant's automobile, with Jerry Suber driving, for the purpose of taking Bryson Slice to his home. The car was driven from the service station in a northerly direction along U. S. Highway 76 to the intersection of Highway 219. Upon reaching this intersection, the car was driven in an easterly direction along said Highway 219 for a distance of approximately four-tenths of a mile, at which point Jerry Suber stopped the said automobile and left it standing partly on and partly off the main-traveled portion of said Highway 219. The automobile's engine was left running, the lights remained on and both boys left the automobile for the purpose of "relieving" themselves in the woods adjacent to said highway. At the time and place in question there was no other vehicular traffic in the immediate vicinity of the stopped automobile. The paved portion of the road was twenty-four feet in width and there was a "good-grass" shoulder on the right side of the road. There was no testimony as to the width of the grass shoulder but the land area beyond such was four feet lower than the pavement and shoulder. The

right wheels of the appellant's automobile were approximately two feet onto the grass shoulder, with the remaining portion of the automobile being on the paved portion of said highway. It was testified that there was a clear view for a distance of three-tenths of a mile to the rear of the appellant's car.

When the two boys returned from the woods, Jerry Suber got in the driver's seat with Bryson Slice sitting to his right. Upon re-entering the automobile Jerry Suber put the car in gear, let off the hand brakes and looked in the rearview mirror to see if any vehicles were approaching and saw none. Jerry Suber testified that on a second look he saw the lights of a car and decided to remain parked where he was until after the other car had passed him. The car which Jerry Suber saw was traveling east on Highway 219 and was being operated by Billy Smith. This vehicle collided with the left rear of the stopped Suber automobile, the place of impact being on the main traveled portion of said highway. It is undisputed that the Suber automobile was not stopped on the highway as the result of any mechanical defect or because it was disabled. The place where the appellant's car was stopped on the highway was outside of a business or residence district.

It is provided in Section 46-481 of the 1962 Code that upon a highway outside of a business or residence district "no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon a paved or main-traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of such highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway." The aforesaid section does not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid

stopping and temporarily leaving such disabled vehicle in such position.

We have held that in an action for damages arising out of collision with a vehicle standing on the highway, the burden of proving the necessity for stopping a vehicle on the main-traveled portion of the highway where practicability of moving it off such portion, within the meaning of the aforesaid statute regulating stops on the highway, is on the person who makes such stop. *Ayers v. Atlantic Greyhound Corp.*, 208 S. C. 267, 37 S. E. (2d) 737, and *Howey v. Jordan's, Inc.*, 223 S. C. 71, 74 S. E. (2d) 216. When it is necessary for a motorist to stop his vehicle along the road, he has the duty, where it is reasonably possible, to drive until he finds a space to stop off the traveled portion of the road. *LaFlamme v. Lewis,* 89 N. H. 69, 192 A. 851. It has also been held that if there is sufficient space for stopping off the traveled portion of the highway or if there is a driveway or side road near, and the stopping motorist is able to move his vehicle into that area, he may be charged with negligence in failing to do so. It is no excuse for the violation of such a statute that the driver was in the vehicle and at the wheel at the time it was left standing on the highway. *Capital Motor Lines v. Gillette,* 235 Ala. 157, 177 So. 881.

The only reason advanced by the appellant for the stopping of his automobile on the highway was that the automobile driver and his passenger had to "relieve" themselves. The record shows that the driver of the Suber auomobile was completely familiar with the highway on which he was traveling. It is undisputed that approximately a quarter of a mile from the place where the collision took place a car could have been completely parked off of the highway. Since the appellant's automobile was not disabled, it was the duty of the driver thereof to keep moving until he came to a place to park outside of the traveled portion of the highway. The reason advanced by Jerry Suber, the son of the appellant, is an insufficient justification for the violation

of Section 46-481 of the Code. We conclude that the Trial Judge properly held that the only reasonable inference from the testimony is that the appellant failed to show the necessity for stopping and parking of his said automobile partially on the paved portion of the said highway when it was practicable to park such motor vehicle off of such paved highway.

We have held that the violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause of plaintiff's injury is ordinarily a question for the jury; *Green v. Sparks,* 232 S. C. 414, 102 S. E. (2d) 435; but, if the only reasonable inference to be drawn from the testimony is that the negligence of the complainant is a direct and proximate cause of his injury and damage, or that the negligence of the complainant contributed as a direct and proximate cause, then it would be the duty of the Trial Judge to order a nonsuit or direct a verdict against such plaintiff. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667.

The second question posed is that if we assume that the appellant was negligent, as a matter of law, in that he was stopped on the highway in violation of Section 46-481 of the Code, was there evidence from which a jury could find recklessness and willfulness on the part of the respondents with a finding of contributory recklessness and willfulness on the part of the appellant?

The appellant argues that the respondents had a clear view of his automobile for a distance of three-tenths of a mile and the lights on said automobile were burning, and that there was unobstructed passage on the paved portion of the highway to the left of appellant's vehicle no less than twenty feet in width which was available to the respondents for passing. It is further argued that a jury could reasonably find from these facts that the respondents' failure to drive the automobile to the left constituted recklessness and willfulness, resulting in damage to the appellant, despite negligence *per se* on his part.

Billy Smith was not required to foresee or anticipate that appellant's automobile would be stopped and left standing on the traveled portion of the highway ahead of him, partially blocking it, but this did not relieve him of the duty of exercising reasonable care, of keeping a proper lookout, and of proceeding as a reasonable and prudent person would under the circumstances, to avoid collision with the rear end of a motor vehicle stopped or standing on the highway ahead. He had a right to assume that other vehicles would not obstruct the highway unlawfully.

The test by which a tort is to be characterized as reckless, willful or wanton is whether it has been committed in such a manner and under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of plaintiff's rights. *Rogers v. Florence Printing Company,* 233 S. C. 567, 106 S. E. (2d) 258. The practical question is whether at the time of his act or omission to act the said Billy Smith was conscious, or chargeable with consciousness, of his wrongdoing. The appellant submits that the evidence shows a violation of Section 46-361 of the Code which prohibits any person from driving a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then arising; and Section 46-342 of the Code which provides that any person that drives a vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons or property is guilty of reckless driving. The burden of proof as to the violation of these statutes was upon the appellant and he attempts to meet such burden by simply showing the physical facts of the collision and concludes that such was conscious failure to exercise due care. The Trial Judge held that there was no evidence of the action of Billy Smith except the mere physical fact that he collided with the rear end of appellant's automobile. There was no evidence of speeding or anything of that nature. We conclude, as did the Trial Judge, that under the facts presented, there was not any evidence to warrant submission to the jury of the

issue of willfulness and recklessness. The appellant also argues that since Billy Smith ran into his automobile, when he had the opportunity to go around it to the left, that these facts are sufficient to show that Smith failed to act as a reasonable and prudent person would have acted under the circumstances. Assuming this to be true, such a showing would only constitute simple negligence.

The final question for determination is whether the Trial Judge committed error in holding that the last clear chance doctrine was inapplicable in this case.

The origin of the last clear chance doctrine, sometimes called the doctrine of discovered peril, the doctrine of supervening negligence, or the humanitarian doctrine, goes back to the case of *Davies v. Mann,* 10 Mees. & W. 546, 152 Eng. Reprint 588. The doctrine of the last clear chance is firmly embedded in the law of our State. *Seay v. Southern Railway, Carolina Division,* 205 S. C. 162, 31 S. E. (2d) 133; *Jones v. Atlanta-Charlotte Air Line Ry. Co.,* 218 S. C. 537, 63 S. E. (2d) 476; *Scott v. Greenville Pharmacy,* 212 S. C. 485, 48 S. E. (2d) 324, 11 A. L. R. (2d) 745, and *Durant v. Stuckey,* 221 S. C. 342, 70 S. E. (2d) 473. In the last cited case, with reference to the last clear chance doctrine, this Court said:

"However, it does not apply to every negligence case, regardless of its facts. Sound legal principles, whether embraced in the decisions of this court or in statutes, should be charged by Circuit Judges only when applicable to the case then on trial. In the present action the plaintiff testified that he saw the automobile when it was three hundred feet away from the intersection, and thought that he could get across the street in time. He was not in a perilous position from which he was unable to extricate himself by the exercise of due care."

The testimony is undisputed that at the point where the Suber car was parked there was a clear view for a distance of three-tenths of a mile to the rear and five-tenths of a mile to the front. We quote the testimony of Jerry Suber as to

what happened after he returned to his car from the woods, as follows:

"Q. * * * Jerry, when you got back in your car did you—just tell us what you did?

"A. Well, I went to move, to put it—

"Q. Talk a little louder.

"A. I went to move, to put it in gear, and let by (*sic*) hand brakes off and looking in the rear view mirror see if anything was coming.

"Q. Did you see anything coming?

"A. Not at the time.

"Q. Did you pull out into your lane of traffic?

"A. No, sir, I looked back; I went to pull back out again.

"Q. Just tell us what happened. Did you move your automobile?

"A. No, sir.

"Q. Well, why did you not go on down the highway?

"A. Well, I seen a car coming and I thought it was coming and I wait to see and it was a car. But I didn't know how close on me he was. So I waited 'til he got by to get ready to go and he run in the back of me.

"Q. In other words, you saw a car coming in your rear view mirror and you determined to stay put and let the car pass on by before pulling out into the lane?

"A. Yes, sir."

The great weight of authority denies the application ▮▮ of the last clear chance doctrine in the situation where a defendant motorist, while under a duty to discover the danger to the injured person, did not actually discover it and the injured person was physically able to escape from the peril at any time up to the moment of impact. Furthermore, where the injured person was not oblivious of his danger but had actually discovered the facts of his peril and ought to have realized the danger, and he was physically able to extricate himself, his contributory negligence has been held to relieve the defendant motorist of liability for negligence although the danger was actually discovered, and the

peril ought to have been realized by the defendant. 7 Am. Jur. (2d), Automobiles and Highway Traffic, Section 379, page 928.

Here, Jerry Suber left the vehicle he was driving standing partially on the traveled portion of the highway and he is charged with knowing the danger of such. He was not in a position of peril from which he was unable to extricate himself, if he had exercised due care. There is absolutely no proof that Billy Smith actually discovered that Jerry Suber was parked partially on the paved highway. Under the factual situation here developed, we think the Trial Judge was correct in holding that the last clear chance doctrine was inapplicable.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.