## 18963

Gloria DEARYBURY, by Cornelius H. Dearybury, her guardian ad litem, Appellant, v. William Warren ALBERT, Jr., Respondent

(170 S. E. (2d) 15)

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellants,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

September 24, 1969.

BRAILSFORD, Justice.

Gloria Dearybury and William W. Albert, Jr., both sixteen years of age, were friends, neighbors and schoolmates. Gloria owned an automobile which, after school on the day in question, she invited William to drive. She was injured when William lost control of the automobile on a curve, causing it to overturn. Gloria sued William for injuries sustained. The jury found for him, and she appeals to this court, charging error in the instructions to the jury. The following excerpt from the charge is among the challenged instructions:

"One riding as a guest in a motor vehicle accepts such skill as may be possessed by the driver in the handling of

the vehicle and assumes whatever risks attend the degree of proficiency of such driver and his usual and customary habit of driving with which he is familiar. Even though the driver's want of skill was not known to the guest, and though the guest was a minor, there is no liability where the driver exercised such skill as he possessed." [1]

In *Jones v. Dague,* S. C., 166 S. E. (2d) 99 (1969), a guest passenger case, the appellant charged that the trial judge erred in instructing the jury that an automobile driver is not excused from liability for injuries caused by him as a result of his inexperience. We recognized that the courts of some jurisdictions have adopted the rule "that the extent of a motorist's duty to a guest is to exercise only such skill and judgment as he possesses." 166 S. E. (2d) at 101. However, we refused to follow these courts and, approving the instruction complained of in *Jones,* adhered to the view that:

"The basic standard of care by which the conduct of the driver was to be judged was that of a reasonably prudent person in the same or similar circumstances. We have held that 'the test by which a tort is to be characterized as reckless, willful or wanton is whether it has been committed in such a manner and under such circumstances that *a person of ordinary reason or prudence* would have been conscious of it as an invasion of plaintiff's rights' (Emphasis added). *Suber v. Smith,* 243 S. C. 458, 134 S. E. (2d) 404. This standard applies in this State regardless of the driver's experience in operating a motor vehicle, and whether the question is one of ordinary negligence, or recklessness under the Guest Statute." 166 S. E. (2d) at 101-102.

The challenged instruction is manifestly inconsistent with our decision in *Jones,* and this exception must be sustained. In fairness to counsel and to the trial judge, it should be

[1] Plaintiff's claim was prosecuted in the court below upon the misconception that the Guest Statute (Sec. 46-801, Code of 1962) was applicable.

added that this case was tried before the opinion in *Jones* was filed.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.