21338

The STATE, Respondent, v. Lawrence E. RABON, Appellant.

(272 S. E. (2d) 634)

*Dale T. Cobb, Jr.*, Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes*, Columbia, and *Sol. Capers G. Barr, III*, Charleston, *for respondent.*

December 1, 1980.

LITTLEJOHN, Justice:

Defendant-appellant Lawrence E. Rabon was found guilty of murder and of armed robbery committed at a convenience store. He was sentenced to life imprisonment on the murder count and fifteen years on the robbery count.

Defendant has appealed, alleging a reversible error on the part of the trial judge in three respects: (1) admitting appellant's oral and written confessions in evidence; (2) refusing to grant a mistrial based on alleged prejudicial argument of the solicitor to the jury; and (3) refusing to charge the jury as requested.

Following an extensive hearing out of the presence of the jury, the trial judge admitted the confessions into evidence. He found that the defendant had been given his *Miranda* rights and had knowingly, intelligently, and voluntarily waived his right to remain silent. The finding was made after reviewing (1) testimony of interrogating officers, (2) testimony of the defendant, (3) taped portions of the interrogation, and (4) a signed waiver.

While there is evidence that the defendant indicated a desire to talk with someone, the investigating officers testified that an attorney was never expressly requested. Counsel for the defendant argues that the police officers manipulated, deceived, and coerced the defendant into confessing by such techniques as promising medical attention and misrepresenting the evidence which had been accumulated. During the hearing the defendant himself never testified that he had requested an attorney, but instead offered a general lack of memory after the police officers had charged him following arrest.

It is the duty of the trial judge to evaluate the evidence and determine whether the confession was or was not voluntary. In making the determination, he should examine the totality of the circumstances surrounding the incident to determine whether or not the State had met its burden of proof so as to warrant admission of the confessions. *State v. Pendergrass,* 270 S. C. 1, 239 S. E. (2d) 750 (1977). A review of the evidence convinces us that the finding was supported by the whole of the evidence; we find no error. Conduct of interrogating must be viewed in the light of all the conditions surrounding statements made by an accused person. A misrepresentation, while relevant, may be insufficient to render inadmissible an otherwise valid confession. *Frazier v. Cupp,* 394 U .S. 731, 89 S. Ct. 1420, 22 L. Ed. (2d) 684 (1969). Here the evidence was conflicting. As in *State v. Valenti,* 265 S. C. 380, 218 S. E. (2d) 726 (1976) (wherein the facts are strikingly similar), we hold that the trial judge did not err in determining the issue adversely to the defendant.

The defendant contends that the solicitor made improper statements during closing argument in a manner which called the jury's attention to the fact that the defendant had failed to testify in his own behalf. At the time of the argument counsel for the defendant did not ob-

ject; he waited until the argument had been completed, contending that an immediate objection in the presence of the jury would have emphasized the error and further adversely prejudiced his right to a fair trial. We do not think that the statement warrants reversal. In *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671 (1961), citing *State v. King,* 158 S. C. 251, 155 S. E. 409 (1930), we said in part:

"[T]he proper practice, when the prosecuting attorney refers to the failure of the defendant to testify, is for his counsel to interpose immediate objection and have the Trial Judge rule on the matter; and if the objection is sustained, for him to admonish both the attorney and the jury."

The reason for the rule is apparent. New trials are to be avoided. If one feels aggrieved by argument of his adversary, he should call it to the attention of the judge immediately such that a corrective instruction, if needed, may be given.

The defendant requested the judge to charge the jury that a signed *Miranda* warning alone does not admit a confession. While the charge would not have been inappropriate, we are of the opinion that the judge's charge, when considered as a whole, adequately covered the applicable law under the facts of this case. The Constitution of this State requires that the trial judge declare the law, but no particular verbiage is necessary. It is sufficient if the precepts stated to the jury adequately cover that law which is applicable. The judge's charge must be considered as a whole, and when it is considered as a whole in this case we find no basis for the defendant's contention that a new trial should be held.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.