23311

In the Interest of STACY RAY A., a minor under the age of seventeen (17) years, Appellant.

(400 S.E. (2d) 141)

Supreme Court

*C. Rauch Wise* of *Wise & Tunstall,* Greenwood, *for appellant.*

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Solicitor W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard Dec. 10, 1990.

Decided Jan. 21, 1991.

TOAL, Justice:

This appeal involves whether enough evidence exists to sustain the trial court's conclusion that the juvenile appellant, Stacy A., committed the offense of reckless homicide. We hold the evidence is insufficient and accordingly reverse.

## FACTS

On November 30, 1988, a car driven by Stacy A., a minor under the age of seventeen, collided with a car driven by Cynthia Ellenburg, proximately resulting in the tragic death of Ellenburg. The vehicles were found by a South Carolina Trooper investigating the scene to be in a head-on position, with Stacy A.'s car being completely in Ellenburg's lane of traffic. Stacy A.'s left front tire came to rest on the white line demarking the outermost portion of the road, while the right side of Ellenburg's car was off of the paved portion of the roadway.

Weather conditions were cloudy and overcast, but the pavement was dry. Visibility was good. There were no witnesses of the accident found. Stacy A. was questioned at the scene. He appeared very disoriented and stated that he did not know what had happened. There was no evidence of speeding. Skid marks were found behind Ellenburg's car, and none were found behind Stacy A.'s. The left front tire of Stacy A.'s car was flat.

Stacy A. was hospitalized after the accident, and at trial testified he could not remember what had occurred after he stopped for gasoline two miles from the scene of the accident. Testing proved that Stacy A. was not under the influence of either alcohol or drugs at the time of the accident.

Based on the above facts, which constituted all of the evidence in the case, the trial judge found that Stacy A. had, beyond a reasonable doubt, committed the offense of reckless homicide and adjudged him delinquent. *See* S.C. Code Ann. § 56-5-2910 (1976). Stacy A. timely appealed.

## LAW/ANALYSIS

South Carolina Code Ann. § 56-5-2910 (1976) states, in pertinent part, "[w]hen the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide." Hence, the State must have proven beyond a reasonable doubt that Stacy A. had reckless disregard for the safety of others in order for this conviction to stand. While Ellenburg's death certainly was a tragedy this Court regrets, we do not condone punishing Stacy A. for that death unless there be sufficient evidence of his recklessness to do so.

At the outset, this case is on all fours with our decision in *Suber v. Smith*, 243 S.C. 458, 134 S.E. (2d) 404 (1964). In *Suber*, a civil action, the defendant Billy Smith collided with the rear of Suber's car. This Court held there:

> [t]he burden of proof . . . was upon [Suber] and he attempts to meet such burden by simply showing the physical facts of the collision and concludes that such was conscious failure to exercise due care. The Trial Judge held that there was no evidence of the action of Billy Smith except the mere physical fact that he collided with the rear end of appellant's automobile. There was no evidence of speeding car or anything of that nature. We conclude, as did the Trial Judge, that under the facts presented, there was not any evidence to warrant submission to the jury of the issue of willfulness and recklessness.

*Id.,* 243 S.C. at 466-67, 134 S.E. (2d) at 408. The same is true here. The only evidence we have here is the physical fact of

the collision, with the cars coming to rest on Ellenburg's side of the road. The State would have this Court view this physical fact, then address the defendant: it appears you may have been at fault here; prove to us you were not. The State may not rest upon such inferences and shift the burden of proof onto the defendant.

Too many unanswered questions exist in this case, none of which the State has answered. Stacy A. could have blacked out; could have swerved to miss a pedestrian in his traffic lane; or could have had a blown left tire which caused his car to swerve. Instead of presuming any of these scenarios and requiring the State to present evidence making them less probable; the trial judge here has *presumed* Stacy A. drove recklessly and required him to disprove it. This is a presumption of guilt rather than of innocence, and may not be allowed to stand.

Other jurisidictions have refused to permit convictions of this nature upon such scant evidence. *See State v. Lawson*, 128 W. Va. 136, 36 S.E. (2d) 26 (1945) (defendant may not be found guilty of involuntary manslaughter merely because he was driving his car on his left side of the highway at the time of the collision); *State v. Goodrich*, 498 N. E. (2d) 994 (Ct. App. Ind. 1986) (evidence which showed only that defendant's vehicle crossed center line into the lanes of oncoming traffic, ending up in yard on opposite side of road, was insufficient to establish recklessness). We follow their well-reasoned opinions.

The trial judge also relied in his order on the rule in this state that "the showing of a statutory violation *can* be evidence of recklessness and willfulness." (Tr. 101) (emphasis added). The State here attempts to point to what it considers the violation by Stacy A. of certain statutes, *viz.*, S.C. Code Ann. § 56-5-1520 (Supp. 1988) (speed must be controlled to avoid collision); § 56-5-1810 (Supp. 1988) (vehicle must be driven on right half of roadway); and § 56-5-1860 (Supp. 1988) (vehicle passing another vehicle must not be driven left side of center of roadway unless visibility and oncoming traffic permit such to be made without interfering with any vehicle approaching from opposite direction). Next, the State argues, utilizing the aforementioned rule that a statutory violation can be evidence of recklessness, that these violations constitute sufficient "evidence" to warrant the trial

judge's finding of Stacy A.'s recklessness. We need not address the State's complete position since the State has failed to prove, as an initial matter, any statutory violations.

There was no evidence of speeding in this case. This fact was stipulated to, and thus § 56-5-1520 is inapplicable. As to § 56-5-1860, the State presented no evidence from which the trial judge could rule out the scenario that Ellenburg pulled out into the roadway from a perpendicular street or driveway while Stacy A. was executing a legitimate passing maneuver. "A motorist is not in all circumstances precluded from using the left side of the highway." *Lawson, supra.*

In light of the lack of evidence demonstrating recklessness on the part of Stacy A., we REVERSE the lower court as to his conviction and delinquency status.

GREGORY, C.J., HARWELL and FINNEY, JJ., and GARDNER, Acting Associate Justice, concur.