1679

The STATE, Respondent v. Melvin Edward GOODE, Appellant.

(406 S.E. (2d) 391)

Court of Appeals

*Assistant Appellate Defender Daniel T. Stacey, of South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard April 15, 1991.

Decided July 8, 1991.

BELL, Judge:

This is an appeal from a conviction on two counts of felony driving under the influence (felony DUI). On September 1, 1988, a car being driven by Melvin Edward Goode collided head on with another being driven by a young mother who was accompanied by her small child. The mother died at the scene; the child died a short time later. Goode was injured and was pinned in his car by the wreckage. Officers on the scene smelled a strong odor of alcohol on Mr. Goode, particularly around his face. Goode was transported to a nearby hospital. As a routine emergency procedure, medical personnel drew a sample of his blood. The laboratory analysis revealed Goode's blood contained alcohol. At trial there was no testimony translating the blood alcohol content into a degree of impairment. The jury found Goode guilty on two counts of felony DUI. He appeals that conviction. We affirm.

Goode presents two arguments on appeal. First, he asserts the trial judge erred in allowing two highway patrol officers to testify about the circumstances of the accident because they were not qualified as experts. Second, he contends it was error for the judge to deny his motion for directed verdict since the State was unable to prove impairment.

I.

We first address the argument that the judge erred in admitting the officers' testimony.

Goode challenges the admission of the testimony of Officer McMahan to the extent he was allowed to give opinion testimony as to the lane of impact. McMahan testified that he observed a "gouge mark" in the victim's lane, thus "indicating to [him] that the collision had taken place in [the victim's] lane." Goode did not object to McMahan's opinion. After the State asked McMahan to explain the basis of his opinion, counsel for Goode stated, "Objection, your honor. If he is going to be testifying as to his opinion as to what caused this, I think he needs to be qualified as an expert." Overruling the objection, the court qualified McMahan as an expert, but advised the State to lay a foundation as to experience.

 We discern no error in the court's qualification of McMahan as an expert on the "lane of impact" issue. Qualification of a witness as an expert rests in the

sound discretion of the trial judge. *State v. Childs*, 299 S.C. 471, 385 S.E. (2d) 839 (1989). His decision will not be disturbed on appeal absent a showing of abuse. *McCown v. Muldrow*, 91 S.C. 523, 74 S.E. 386 (1912). There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge. *Botehlo v. Bycura*, 282 S.C. 578, 320 S.E. (2d) 59 (Ct. App. 1984). There is no exact requirement concerning how knowledge or skill must be acquired. *Honea v. Prior*, 295 S.C. 526, 530, 369 S.E. (2d) 846, 849 (Ct. App. 1988).

McMahan testified that he had received twelve weeks training in the South Carolina Highway Department Academy, including specific training on determining the point of impact in accident investigations; that he had spent one week in on the road training with a municipal police force; and that he had been a state trooper with four to five months experience at the time of the accident. In light of this training and experience, which could have provided guidance and assistance to the jury on the question of "point of impact," it cannot be said the trial judge abused his discretion in qualifying Officer McMahan as an expert on that issue.

For similar reasons, we reject Goode's challenge to the judge's qualification of the second officer, Officer Coster. Goode argues that Coster should not have been allowed to testify as to Goode's post impact speed because he was not qualified to give expert testimony on that issue.

Coster testified that at the time he investigated this accident he was a sixteen year veteran with the Highway Patrol; he had received advanced accident investigation and reconstruction training; and he had investigated approximately 1600 accidents. Furthermore, he detailed the formula he used to determine Goode's speed and stated that during his accident reconstruction classes the formula had been tested and verified as accurate. There was no abuse of discretion in admitting Officer Coster as an expert on the issue of Goode's post impact speed.

## II.

We next address Goode's argument that the judge erred in denying his motion for directed verdict because the State failed to prove he was impaired.

The statute under which Goode was convicted is South Carolina Code Section 56-5-2945 (1991), which reads in pertinent part:

> Any person who, while under the influence of alcohol, drugs, or the combination of alcohol and drugs, drives a vehicle and when driving does any act forbidden by law or neglects any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes great bodily injury or death to any person other than himself, is guilty of a felony. . . .

In this case, uncontradicted evidence established that acts forbidden by law (*i.e.*, speeding and crossing the center line) proximately caused the deaths of the two victims. The sole question for us to determine is whether there is any evidence that Goode was under the influence of alcohol when he committed these acts. We find that such evidence does exist and, therefore, the trial judge properly denied the motion for directed verdict.

After the accident, Goode was found in his car seriously injured and semiconscious. Assisting officers smelled a strong scent of alcohol coming from Goode's person. Field sobriety tests were not conducted because Goode was injured and emergency medical personnel arrived on the scene almost immediately. Goode was transported to a local hospital, however, and while there his blood was tested. The test revealed alcohol in his blood.

We hold the evidence establishing that the road was straight with clear visibility, that Goode had a strong odor of alcohol on his breath, and that alcohol was found in his blood, coupled with testimony from two eyewitnesses that he was driving erratically at a high rate of speed just moments before the collision, and expert testimony that the accident occurred while Goode was driving in the lane of oncoming traffic, that he was speeding, that he did not brake before impact, and that the impact was severe, constitute evidence from which a reasonable jury could conclude that Goode

was driving under the influence of alcohol at the time of the accident. It was not the trial judge's nor is it our province to weigh this evidence. Our duty in reviewing the denial of a motion for directed verdict is to determine whether there is any evidence reasonably tending to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. *See State v. Irvin*, 270 S.C. 539, 243 S.E. (2d) 195 (1978). Evidence does exist in this case from which a jury could conclude beyond a reasonable doubt that Goode was guilty of driving while under the influence of alcohol. The trial judge, therefore, properly denied Goode's motion for a directed verdict.

Affirmed.

CURETON and GOOLSBY, JJ., concur.