1686

The STATE, Respondent v. David HICKS, Jr., Appellant.

(407 S.E. (2d) 907)

Court of Appeals

*W.H. Nicholson, III* of *Nicholson & Anderson,* Greenwood, and *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard June 5, 1991; Decided Aug. 5, 1991.

Rehearing Denied Aug. 29, 1991.

BELL, Judge:

David Hicks, Jr., appeals from his conviction for reckless homicide and involuntary manslaughter. On May 11, 1989, Hicks was driving home from a friend's house at approximately eleven o'clock at night. He heard a "boom," but did not see that he had struck anyone or anything with his automobile. He went home and did not report the incident to the authorities. Around noon the next day, a passenger in a truck passing by the scene discovered a man's body in a ditch about thirty-five feet from the highway. The man, who was later identified as Charles A. Timms, had died as a result of being struck by a vehicle. An investigation led the police to Hicks. When questioned, Hicks stated he thought he had hit either a mailbox or a deer, even though he claimed he saw no blood and there was no evidence of a mailbox near the scene. Hicks ultimately was charged with Timms's death. A jury found Hicks guilty of reckless homicide and involuntary manslaughter. We affirm.

## I.

Hicks first argues that the trial judge erred in failing to direct a verdict in his favor because there was no evidence from which a jury could find he was reckless.

In reviewing the denial of a motion for directed verdict, we must determine whether there is any evidence tending to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. *State v. Goode*, Op. No. 1679 — S.C. App. —, 406 S.E. (2d) 391 (S.C. Ct. App. filed July 8, 1991). If such evidence exists, the denial of the motion must be upheld. *Id.*

In this case, the evidence, when viewed in the light most favorable to the State, tended to prove recklessness by Hicks. Hicks had been drinking the night he fatally struck Timms. Timms was walking off the roadway. The night was clear. The road was straight and dry. Timms was visible to other passing motorists. Hicks never saw Timms. Hicks apparently was driving off the roadway when he struck Timms. All the debris from the accident was found at least four feet off the roadway. Hicks never attempted to apply his brakes. His own testimony established that he did not stop at the scene, but only returned after driving some distance past the point of impact. Even then he did not see the victim's body. Finally, he did not report the incident to authorities.

Despite all this evidence, Hicks asserts a jury could not possibly find his driving was reckless. To support his argument, he relies on *In re Stacy Ray A.*, — S.C. —, 400 S.E. (2d) 141 (1991), a recent case in which our Supreme Court found there was insufficient evidence to support a conviction for reckless homicide.

*Stacy Ray A.* is readily distinguishable from this case on at least two key facts. Hicks admitted that he had been drinking before he struck Timms, whereas positive evidence showed that Stacy A. was not under the influence of alcohol or drugs at the time of the accident. The evidence in this case establishes that Hicks was aware of his actions at the time of impact and afterwards, while Stacy A. remembered nothing after stopping for gasoline two miles before the point of collision. Because of these significant differences, we conclude *Stacy A.* is not controlling in this case.[1] The trial judge committed no error in denying Hicks' motion for directed verdict.

---

[1] For similar reasons, we conclude that *Suber v. Smith*, 243 S.C. 458, 134 S.E. (2d) 404 (1964), a civil case affirming a nonsuit because of a total lack of evidence of recklessness, does not control the outcome of this case.

## II.

Hicks also contends the judge committed error in refusing two of his requested jury charges. He correctly states that reckless homicide and involuntary manslaughter both require a finding of recklessness. *See* S.C. Code Ann. § 56-5-2910 (1976); S.C. Code Ann. § 16-3-60 (1976). He requested two charges which stated that recklessness is a conscious indifference to the rights and safety of others and is more than mere negligence or the failure to exercise due care. The judge refused the charges as requested. Hicks contends this was error because the requested charges correctly state the law, while the charges actually given confused the standards of recklessness and negligence.

We find no error in the judge's instructions. Although charges requested by a party may be a correct statement of law, a judge does not err by refusing to deliver the charges verbatim. *See State v. Rabon*, 275 S.C. 459, 272 S.E. (2d) 634 (1980). The judge properly instructs the jury if he adequately states the applicable law. *Id.* In reviewing a challenged charge, the judge's instructions must be considered as a whole. *State v. Gaskins*, 284 S.C. 105, 326 S.E. (2d) 132, *cert. denied*, 471 U.S. 1120, 105 S. Ct. 2368, 86 L. Ed. (2d) 266 (1985). We will not find error based upon isolated excerpts which, standing alone, might be misleading. *Id.*

Here, the judge did use language referring to an "ordinary, reasonable, prudent person," but only in reference to whether such a person would *know* he was engaged in wrongdoing. He never instructed the jury to judge Hicks' action by a standard of ordinary care. Rather, he repeatedly stated that the key to the case was recklessness. He emphasized that the burden was upon the State to prove beyond a reasonable doubt that Hicks was in some way reckless and that in order for him to have been reckless he must "consciously [have been] doing something wrong." Furthermore, he gave a supplemental charge specifically distinguishing negligence and recklessness.

After reviewing the instructions to the jury as a whole, we hold the judge committed no reversible error.

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.