THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Scott Douglas Preston, Respondent,
v.
Charleston County Sheriff's Department and South Carolina Department of Education, Transportation Division,
Appellants.
 
 
 

Appeal From Charleston County
 Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No. 05-UP-589
Heard October 05, 2005  Filed November 18, 2005    

AFFIRMED

 
 
 
Christopher L. Murphy and James A. Stuckey, Jr., of Charleston, for Appellants
George J. Morris, of Charleston, for Respondent.
 
 
 

PER CURIAM:  The Charleston County Sheriffs Department and South Carolina Department of Education, Transportation Division (Appellants) appeal from a jury verdict awarding Scott Preston damages for injuries he sustained in a traffic accident with a school bus.  Appellants argue the trial court erred in permitting a police officer, qualified as an expert, to give opinion testimony regarding speed.  We affirm.
FACTS
This action arises out of a traffic accident that occurred on the morning of February 26, 2001.  Preston was driving his motorcycle when he approached an intersection where traffic was being directed by a crossing guard.  Meanwhile, a South Carolina Department of Education school bus approached the intersection and was directed by the crossing guard to proceed through the intersection.  Several witnesses later testified the school bus entered the intersection without properly stopping at the stop sign.  Although Preston attempted to avoid a collision by applying his brakes, he crashed into the side of the school bus.  Preston suffered multiple serious injuries, including a fractured left arm and dislocated wrist, a broken collarbone, multiple broken ribs, collapsed lungs, two broken legs, broken facial bones, and a metal rod was lodged in his right arm.  As a result of these injuries, Preston lost feeling in a portion of his face and has permanent metal supports in his legs and face. 
Preston filed a negligence action against Appellants seeking damages for injuries he sustained in the accident.  A jury found Preston was not entitled to damages because he was more than half at fault for the collision, but the trial judge, acting as the thirteenth juror, ordered a new trial.  During the subsequent trial, much testimony focused on Prestons speed immediately preceding the accident.  Preston testified he was traveling over the 35 mph speed limit.  Angela Champion, who was driving the car traveling behind Preston, estimated Prestons speed between 45 and 50 mph, and another witness, Angela Spalviero, testified Preston was flying. 
Preston proffered the testimony of the police officer who investigated the accident, Murray Abramson.  Appellants objected to Abramson giving an opinion regarding Prestons speed, so the trial court examined Abramson outside of the jurys presence.  Abramson testified that based on his education and experience, he believed himself capable of estimating the probable speed of the motorcycle.  
After qualifying him as an expert, the trial court allowed Abramson to offer his opinion regarding the motorcycles speed prior to the accident.  At the scene of the accident, Abramson measured the motorcycles skid marks at 90 feet, 11 inches.  Using a chart to estimate speed based on the length of skid marks, reaction time, and braking time, Abramson testified Preston was traveling at least 45 mph.  In response, James Jur, an accident reconstruction expert, offered his opinion that Preston was traveling between 53 and 61 mph before applying his brakes.  Jur explained that based on the length of the skid marks, the motorcycles minimum speed was 45mph, but that his calculations took into account other factors not represented on the chart Abramson used.
The jury returned a verdict in the amount of $707,000.  However, the jury found Preston was 50% at fault for the accident, so the trial judge reduced the award by 50%.  The trial judge further reduced the damage award to $300,000, the statutory maximum as provided by the South Carolina Tort Claims Act.  S.C. Code Ann. § 15-78-120 (2005).  This appeal followed.  
LAW/ANALYSIS
Appellants argue the trial court judge abused his discretion by qualifying Abramson as an expert and allowing him to give an opinion as to the motorcycles speed preceding the collision. We disagree.
Rule 702, SCRE permits expert opinion testimony and articulates the standard for admissibility as follows: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.  Qualification of an expert and the admission or exclusion of his testimony is within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion.  State v. Goode, 305 S.C. 176, 177-78, 406 S.E.2d 391, 392-93 (Ct. App. 1991).  There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jurys good judgment and common knowledge.  Goode, 305 S.C. at 178, 406 S.E.2d at 393.  There is no exact requirement concerning how knowledge or skill must be acquired.  Id.  In order for this court to reverse a judgment for an alleged error in the exclusion or admission of evidence, the complaining party must prove both the error of the ruling and resulting prejudice.  Ellis v. Davidson, 358 S.C. 509, 525, 595 S.E.2d 817, 825 (Ct. App. 2004).
Many South Carolina decisions have excluded the opinions of investigating police officers in automobile accident cases.  Gulledge v. McLaughlin, 328 S.C. 504, 508, 492 S.E.2d 816, 818 (Ct. App. 1997).  However, our courts have held that an investigating police officer may give opinion testimony if he is qualified as an expert.  Goode, 305 S.C. at 177, 406 S.E.2d at 392-93; see also State v. Kelly, 285 S.C. 373, 374, 329 S.E.2d 442, 443 (1985) (A police officer may not give his opinions as to the cause of the accident.  He may only testify regarding his direct observations unless he is qualified as an expert.) (emphasis added).  
Here, the trial court permitted Abramson to testify as an expert after assessing his qualifications, and we can discern no error in the trial courts qualification of Abramson on the issue of speed.  Abramson testified he had 16 years experience as a highway patrolman; received training at the South Carolina Criminal Justice Academy; received instruction in advanced accident investigation at an institute in Florida, including training in estimating speed based on skid marks; and involvement in investigating hundreds of cases.  In light of Abramsons training and experience, we find he could have provided assistance to the jury on the question of speed.  Moreover, any defect in the amount and quality of education and experience goes to the weight of the experts testimony and not to its admissibility.  Lee v. Suess, 318 S.C. 283, 286, 457 S.E.2d 344, 346 (1995). 
Even if the trial court judge had abused his discretion by qualifying Abramson as an expert and allowing him to testify on the issue of speed, Appellants cannot show they were prejudiced as a result.  Abramsons testimony was cumulative to several other witnesses trial testimony, including that of the Appellants own expert, Jur.  See Gulledge, 328 S.C. at 509, 492 S.E.2d at 818 (holding cumulative testimony was an insufficient ground for reversal even though the trial court erred in permitting a non-expert patrolman to testify).  Abramson testified Preston was traveling at least 45 mph.  (emphasis added).  Preston himself admitted he was speeding, Champion estimated the motorcycles speed at between 45 and 50 mph, and Spalviero testified that Preston was flying.  Appellants expert, Jur, estimated the motorcycle was traveling at 53 to 61 mph, and he agreed that 45 mph was Prestons minimum speed based on the length of the skid mark.  Therefore, Abramsons testimony was cumulative.  Accordingly, the order of the trial court is 
AFFIRMED.       
 GOOLSBY, BEATTY, and SHORT, JJ., concur.