**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Steven Kranendonk, Appellant.

Appellate Case No. 2012-210207

———————

Appeal From Richland County
G. Thomas Cooper Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-210
Heard April 8, 2014 – Filed June 4, 2014

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Respondent.

———————

**PER CURIAM:** Steven Kranendonk appeals his convictions for two counts of reckless homicide by operation of a boat. Kranendonk argues the trial court erred in (1) qualifying Investigator Robin Camlin as an expert in navigational rules and

allowing her to offer opinions that exceeded her qualifications; and (2) admitting evidence of Kranendonk's blood alcohol content that was allegedly obtained without probable cause.  We affirm.

1.      We hold the trial court did not abuse its discretion when it qualified Camlin as an expert in navigational boating rules.  *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) (stating the admission or exclusion of expert testimony will not be reversed absent a prejudicial abuse of discretion).  She derived her opinions from facts within her knowledge and her professional experience with boating rules.  *See State v. Goode*, 305 S.C. 176, 178, 406 S.E.2d 391, 393 (Ct. App. 1991) ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of [her] testimony as would enable [her] to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge.").  Accordingly, we find no error in Camlin's qualification and the admission of her expert testimony.

2.      We find the facts and circumstances known to the officer requesting the blood sample would warrant a prudent man to believe Kranendonk violated section 50-21-113.  *See* S.C. Code Ann. § 50-21-116  (2008) (requiring an individual to submit to a breath, blood, or urine test if an officer has probable cause to believe the individual has violated section 50-21-113—the statute that provides penalties for operating a boat while under the influence of alcohol resulting in death); *Henry v. United States*, 361 U.S. 98, 102 (1959) ("Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed.").  The officer articulated specific reasons for drawing Kranendonk's blood, including: (1) his knowledge that Kranendonk operated a boat involved in an accident with multiple fatalities; (2) his knowledge that Kranendonk had been drinking prior to the accident; and (3) his observation that Kranendonk smelled of alcohol.  Therefore, we find probable cause existed and hold the trial court did not err in admitting evidence of Kranendonk's blood alcohol content.

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**