**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darius Domonic Mack, Appellant.

Appellate Case No. 2012-212105

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-480
Heard September 8, 2015 – Filed October 14, 2015

———————

**AFFIRMED**

———————

Reid T. Sherard, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Mark Reynolds Farthing, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Darius Mack appeals his conviction for first-degree criminal sexual conduct (CSC), arguing the trial court erred in (1) failing to grant a directed verdict and (2) qualifying Donna DeBrew as an expert adult sexual assault nurse examiner and admitting her testimony. We affirm.

We find the trial court did not err in declining to grant a directed verdict. *See* S.C. Code Ann. § 16-3-652(1) (Supp. 2014) ("A person is guilty of [CSC] in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven: . . . (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, trafficking in persons, robbery, extortion, burglary, housebreaking, or any other similar offense or act."); *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Lindsey*, 355 S.C. 15, 20 n.2, 583 S.E.2d 740, 742 n.2 (2003) (noting the victim's testimony that she was forcibly confined in a vehicle was sufficient confinement to meet the statutory requirements of section 16-3-652(1)(b)); *State v. Burroughs*, 328 S.C. 489, 495, 492 S.E.2d 408, 411 (Ct. App. 1997) (finding the victim's testimony alone was sufficient to withstand a directed verdict); *State v. Ham*, 268 S.C. 340, 342, 233 S.E.2d 698, 698 (1977) ("Where the determination of guilt is dependent upon the credibility of the witnesses, a motion for a directed verdict is properly refused."); *State v. Buckmon*, 347 S.C. 316, 323 n.6, 555 S.E.2d 402, 405 n.6 (2001) (stating whether a witness was credible goes to the weight of the evidence and is, therefore, not considered by the trial court when it rules on a directed verdict motion). We find the State presented sufficient evidence of kidnapping and forcible confinement separate and apart from the sexual battery. Therefore, we decline to address Mack's contention that the General Assembly created varying degrees of CSC because it did not intend for forcible confinement during the act of the CSC itself to satisfy a charge in the first degree. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address other issues the appellant raised because resolution of a prior issue was dispositive).

To the extent Mack argues the trial court erred in qualifying DeBrew as an expert, we find that argument is not preserved for review. Mack repeatedly stated he had no objection to DeBrew being qualified and his objection only related to the scope of her testimony. *See State v. Hicks*, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding an issue must be *raised to* and ruled on by the trial court to be preserved for appellate review). Further, we find the trial court did not abuse its discretion in admitting DeBrew's testimony. *See State v. Cope*, 405 S.C. 317, 343-

44, 748 S.E.2d 194, 208 (2013) (stating the admission of expert testimony lies within the sound discretion of the trial court and an appellate court "will not reverse the trial court's decision to admit or exclude expert testimony absent a prejudicial abuse of discretion"); *State v. Goode*, 305 S.C. 176, 178, 406 S.E.2d 391, 393 (Ct. App. 1991) ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge.").

"[E]ven though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others." *State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013). Further, "bolstering, especially when made by a witness imbued with imprimatur of an expert witness, improperly invades the province of the jury." *State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015). We find DeBrew's testimony that the injuries Victim suffered were consistent with sexual assault was not an opinion on Victim's credibility and did not improperly bolster Victim's testimony. *See State v. Douglas*, 380 S.C. 499, 503-04, 671 S.E.2d 606, 609 (2009) (finding an expert did not vouch for the victim's veracity where she never stated she believed the victim and gave no other indication concerning the victim's veracity).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**