**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dale Elroy Mathis, Appellant.

Appellate Case No. 2018-001932

———————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-085
Submitted February 1, 2021 – Filed March 17, 2021

———————

**AFFIRMED**

———————

Appellant Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General W. Joseph May, all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Dale Elroy Mathis appeals his murder conviction and sentence of life imprisonment without the possibility of parole. On appeal, Mathis argues the trial court erred by refusing to tailor its self-defense instruction to include language that "a defendant has the right to use so much force as appeared to be necessary for complete self-protection." He contends this use of force instruction was crucial to the jury's understanding of the law of self-defense and, without this element, the instruction was incomplete and prejudicial.

During its charge, the trial court stated, "If the defendant was actually in imminent danger, it must be shown that the circumstances would have warranted a person of ordinary firmness and courage to strike the fatal blow to prevent death or serious bodily injury." The court also instructed the jury, "The final element of self-defense is that the defendant had no other probable way to avoid the danger of death or serious bodily injury than to act as the defendant did in this particular case." Additionally, the court discussed potential physical factors stating, "The relative sizes, ages, and weights of the defendant and the victim may be considered in deciding the apparent or actual need for force in self-defense and the amount of force needed." Finally, the court charged the jury, "The reputation of the victim as a violent person may be considered in deciding whether there was a need for force, whether the defendant had reason to believe there was a need for force and whether deadly force was reasonably necessary." We find the trial court did not abuse its discretion in denying Mathis's motion for a use of force jury instruction because the court's existing jury charge sufficiently instructed the jury on degree of force. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *id.* at 390, 529 S.E.2d at 539 ("It is error for the trial court to refuse to give a requested instruction which states a sound principle of law when that principle applies to the case at hand, and the principle is not otherwise included in the charge."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994) ("The substance of the law is what must be instructed to the jury, not any particular verbiage."); *State v. Hicks*, 305 S.C. 277, 280, 407 S.E.2d 907, 909 (Ct. App. 1991) ("Although charges requested by a party may be a correct statement of law, a [trial court] does not err by refusing to deliver the charges verbatim."); *Mattison*, 388 S.C. at 479, 697

S.E.2d at 583 ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Fuller*, 297 S.C. 440, 443, 377 S.E.2d 328, 330 (1989) (holding trial courts should consider the facts and circumstances of the particular case in order to fashion a specifically tailored self-defense charge); *State v. Day*, 341 S.C. 410, 418, 535 S.E.2d 431, 435 (2000) ("A self-defense charge is erroneous where the trial court fails to charge on elements of the defense which were applicable to the issues raised by the defendant.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.